## MAGGIE BOGGESS v. THE STATE.

1. PLEA OF AUTREFOIS ACQUIT.—Such plea to be good must show that the former trial was for the same offense as that upon which the new prosecution is had.

2. SAME.—A plea of former acquital upon a charge of theft from a house in which it appears that the theft upon which the first trial was had was from a different house, and the article taken from a different person, is insufficient.

APPEAL from McLennan. Tried below before the Hon. N. W. Battle, Judge of the Criminal District Court of Waco and Marlin.

No counsel for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The defendant, Maggie Boggess, plead a former indictment and acquittal and not guilty, in answer to the charge contained in the present indictment. The first indictment is referred to as No. 2135 and the other as No. 2232.

The special plea of autrefois acquit was overruled by the court, and this ruling of the court is assigned for error.

The first indictment charged the defendant with theft of a diamond breast-pin from a dwelling-house belonging to E. A. Sturgis, under the charge and control of W. L. Garner. It is charged that the breast-pin was taken from the

house and from the possession of the owner, William H. Johnson.

The second indictment, the one on which the defendant was convicted, charges that the breast-pin was taken from a dwelling-house occupied and controlled by Dice Ray, and owned by W. T. Pollard, and from the possession of Emma Ray, who was holding the same for William H. Johnson, the owner.

It does not appear that the defendant was acquitted of the same accusation. The owners and occupants of the house, and the person from whose possession the property was taken, are not the same as charged in the two indictments. On the contrary, the special plea shows that the offenses are distinct, and not identified by averments, as must be done in all material points to be of any avail as a defense. It being made to appear by the averments that the offenses charged in the two indictments were not the same offense, the court did not err in deciding the question without the intervention of the jury. If the offenses as charged in the indictments had been identified as the same offense by the averments of the indictment, then the identity would be a question of fact to be decided by the jury from the evidence. Such, it is seen, is not the nature of the case before the court. The former indictment would not have been supported by the same evidence as would support the present one. (Criminal Procedure; Pleadings in Criminal Actions; Paschal's Dig., art., 2951; 1 Whart. Am. Cr. Law, 551, 556; 1 Russ. on Crimes, 836; Arch. Cr. Prac. and Plead., 361 and notes.)

There was no evidence to warrant the charge asked by the defendant, and the court did not err in refusing to give it. No error has been pointed out in the charge of the court, and we see none.

The evidence supports the verdict and judgment, and the same are affirmed.

Affirmed.