## Kate Lowe v. The State.

1. DISORDERLY HOUSE. — Indictment charged that the accused, "on the 20th day of April, A. D. 1877, in Parker County, in the state of Texas, did keep a house for the purpose of public prostitution, and as a common resort for prostitutes and vagabonds, and which was then and there a disorderly house, contrary," etc. *Held*, a good indictment for keeping a disorderly house.

2. FORMER ACQUITTAL OR CONVICTION. — To sustain either of these defenses the plea must allege, and the evidence show, that the former prosecution was for the same offense as that on trial. If the evidence necessary to support the second indictment would have sustained the first, an acquittal or a conviction under the first will, in general, constitute a defense against the second.

3. SAME — CASE STATED. — To an indictment for keeping a disorderly house in Parker County, on April 20, 1877, the accused pleaded former acquittal, and as part of her plea she exhibited a judgment acquitting her of an information filed against her March 30, 1877, and which charged her with keeping a disorderly house, in the same county, on March 24, 1877. *Held*, that the plea itself shows that the former offense was not the same as the one on trial, and that the court below did not err in overruling the plea, or in excluding evidence in support of it, or in declining to submit it as an issue for the jury.

4. EVIDENCE. — At a trial for keeping a disorderly house, it was not error to allow the State to prove that the accused rented the house several months prior to the time laid in the indictment, and had occupied it ever since she rented it. The evidence was competent to prove that she was the keeper of the establishment.

APPEAL from the County Court of Parker. Tried below before the Hon. B. L. RICHEY, County Judge.

The case is stated in the opinion of the court.

*Watts, Lanham & Roach,* and *Hood & McCall,* for the

appellant. We submit that the indictment is bad. An absolute and indispensable requisite to any indictment is that it shall be sufficiently certain and specific in its allegations that a judgment upon it may be pleaded in bar of a subsequent prosecution for the same offense. We do believe that an indictment, under the statute of, disorderly houses should show, by some descriptive averment, where, how, and what house was kept. If the house has a name, or is susceptible of designation, it surely should be set forth in the indictment. Is it a brick house or a frame house, or a tent — a house in the town or one in the country? Has it a name, or is there no way to indicate what or where it is?

If it turn out in testimony that this house is in town, how could it be pleaded in bar of a subsequent prosecution charging the keeping of a certain particular house in the town of Weatherford? Does the complaint notify the defendant of what she is required to meet in evidence? This indictment does not pretend to follow the precedents in any essential particular, and is " too loosely and carelessly framed to sustain a conviction." 21 Texas, 210.

We contend that it should be charged, in an indictment of this character, that the defendant caused or permitted to congregate, at the house, prostitutes or vagabonds, or that public prostitution was carried on there, or some other facts that would give character to the place as a disorderly house. We do not believe that the complaint herein shows any offense against the laws of the state, in the manner charged, and we submit that the indictment should have been quashed.

The indictment in this case charges the pretended offense to have been committed on April 20, 1877. The motion to quash, or exceptions to the accusation, having been overruled, the defendant filed her special plea in the nature of a former acquittal. In this plea the former information and judgment of the day before are exhibited to the court. As

a plea of "*autrefois acquit*," without being properly excepted to, it is certainly good, and even seems to have been considered so by the court, because it is mentioned in the charge of the court. We submit that the offense of keeping à disorderly house is made, by statute, dissimilar from most of the crimes under our law. A single act or fact does not complete and consummate the offense; it requires time and continuity to make this crime; it cannot be committed in a day, or in an hour. The house must be a common resort for the characters mentioned in the statute; to make it a common resort, it must be frequently visited, and on divers times and occasions. Hence it is apparent that the allegation of dates in the two different complaints is not material and distinctive. The Code requires that "when there are special pleas upon which the jury are to find, they must say in their verdict that the matters alleged in such pleas are either true or untrue." Pasc. Dig., art. 3091.

"If the jury fail to so find, it is error which will operate a reversal of the case." *Davis* v. *The State*, 42 Texas, 494.

*W. B. Dunham*, for the State.

White, J. The indictment, which was presented and filed April 28, 1877, in this case, charged "that, on, to wit, the 20th day of April, in the year of our Lord eighteen hundred and seventy-seven, in the county of Parker, in the state of Texas, Kate Lowe did keep a house for the purpose of public prostitution, and as a common resort for prostitutes and vagabonds, and which was then a disorderly house," etc. The motion of defendant to quash the indictment having been overruled, that ruling is assigned as one of the errors committed on the trial.

Under the statute (Pasc. Dig., art. 2027), and the many decisions heretofore made by the Supreme and this court, the allegations of the indictment appear amply

sufficient to charge the offense of keeping a disorderly house.  *Thompson* v. *The State*, 1 Texas Ct. App. 56; *Thompson* v. *The State*, 2 Texas Ct. App. 82; *Brown* v. *The State*, 2 Texas Ct. App. 189; *Killman* v. *The State*, 2 Texas Ct. App. 222; *Sylvester* v. *The State*, 42 Texas, 496; *Morris* v. *The State*, 38 Texas, 603.

In addition to her plea of not guilty, defendant pleaded specially in bar of this prosecution that she had, on the day preceding this trial, been " tried and acquitted in this court upon the charge of keeping a disorderly house," and as an exhibit to this plea, and a part thereof, she filed the complaint, and the information based thereupon, upon which she had been tried and acquitted; which information charged her with keeping a disorderly house in the county of Parker, on March 24, 1877.   This information was filed March 30, 1877.

The special plea in bar was overruled by the court, as is shown by the recitals of the judgment, and the three supposed errors mainly relied upon are, first, the action of the court in overruling this plea; second, the action of the court in excluding evidence in support of the plea; and, third, the refusal of the court to submit to the jury the issue presented by the special plea, in order that they might ascertain by their verdict whether the facts stated were true or untrue. If no error was committed by the court in its action upon the first of these propositions, then it necessarily follows that no error was committed with regard to the last two. Now, let us see whether the court erred in holding that the plea was insufficient.

The pleas of former acquittal and conviction, as provided by the Code of Criminal Procedure (Pasc. Dig., art. 2951), include every right secured at common law by such pleas.   The general rule with reference to them is this: that, in order to entitle a party to invoke them, the crime charged, and against which they are pleaded as a bar,

should be the same with the one in which the conviction or acquittal was had — that is, that they be, in truth, the same, though the indictments may differ in immaterial circumstances.    1 Chitty's Cr. Law, 452.

And another rule in determining the sufficiency of the pleas and identity of the cases is that the plea will generally be held good when the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first.    Whart. Cr. Law, secs. 565, 566 ; *Thomas* v. *The State*, 40 Texas, 36.

Applying these rules to the plea of former acquittal in question, and we are of opinion that the plea was not a good one ; that the two offenses charged were not identical ; and that the evidence necessary to support the former case would not, and could not, have made out the latter.

As we have seen, the first information was filed March 30, 1877, and no proof necessary to sustain that charge was permissible of acts done subsequent to the date of the filing of the information ; and, therefore, the evidence in that case could not have covered the charge of keeping a disorderly house in the month of April.    And the charge of the court properly limited the finding of the jury to the time between March 21st and April 28th.

The indictment in this case was filed April 28th, and the offense was charged to have been committed on April 20th.    The defendant may have kept an orderly, peaceable, and quiet house during the month of March, and yet in the month of April may have opened it up and kept it for the purposes of public prostitution, and by the 20th of this latter month it might have become a common resort for prostitutes and vagabonds.    Such being the case, as shown by the plea, the correct rule of practice is that laid down by our Supreme Court in the case of *Boggess* v. *The State*.    The court says : " On the contrary, the special plea shows that the offenses are distinct, and not identified by

averments, as must be done in all material points to be of any avail as a defense. It being made to appear by the averments that the offenses charged in the two indictments were not the same offense, the court did not err in deciding the question without the intervention of a jury. If the offenses, as charged in the indictments, had been identified as the same offense by the averments of the indictment, then the identity would be a question of fact, to be decided by the jury from the evidence." 43 Texas, 347.

We do not think the court erred in holding the plea insufficient, or in refusing to permit evidence to be introduced with regard to it, or in declining to submit to the jury that they should find by their verdict whether the plea was true or untrue.

There is only one other ground of error complained of which we propose to notice, and that is that the court permitted the State to go behind the month of April to show that prior to that time the defendant had rented the house in question. We see no error in this ruling of the court. The witness Millican stated that, either in the early part of the year 1877, or the latter part of the year 1876, he rented the house to the defendant, and that she has occupied it ever since. The object of the evidence was to show that the defendant was the keeper and proprietress of the disorderly house, and the evidence was entirely legitimate for that purpose.

We do not consider any of the other errors complained of as tenable, and, therefore, do not deem it necessary to discuss them. The charge of the court presented the law applicable to the facts, and it was not error to refuse the special instructions asked by the defendant. The evidence abundantly supports the verdict and the judgment rendered, and the judgment is, therefore, affirmed.

*Affirmed.*