[No. 1462.]

JOHN WILLIAMS *v.* THE STATE.

1. FRAUDULENT ACQUISITION OF PROPERTY BY THREATS—INDICTMENT.— To constitute this offense, as defined by Article 723 of the Penal Code, it must appear: 1. That the accused threatened to do some illegal act, injurious to the character, person or property of another, and the indictment should aver the threats, and the illegal act threatened, with reasonable certainty. 2. That by means of such threats the accused fraudulently induced the person threatened to deliver to him certain property, which property should be described in the indictment as in an indictment for theft, except that no value need be alleged. 3. That the accused so obtained the property with the intent to appropriate the same to his own use.

2. Pleading—Autrefois Acquit and Convict.—A plea of former acquittal or former conviction should allege the proceedings which resulted in such former acquittal or conviction, i. e., matter of record, to-wit, the former indictment and acquittal or conviction; and matters of fact, to-wit, the identity of the person acquitted or convicted, and of the offense of which he was acquitted or convicted.

3. Same—Charge of the Court.—Where the court has improperly sustained pleas of former acquittal or former conviction, and the evidence totally failed to support them, the refusal of instructions in regard to such pleas was not error.

4. Same.—Autrefois Acquit is not an available plea when it appears from the evidence that the indictment upon which the defendant had been previously tried and acquitted charged an offense different from that charged in the indictment to which the plea is interposed; nor where the same evidence would not support a conviction under both indictments.

5. Same—Indictment.—When a person is known by two or more names, it is sufficient that the indictment state either name; and proof of the name stated in the indictment is all that is required.

Appeal from the District Court of Smith.    Tried below before G. W. Chilton, Esq., Special Judge.

The offense charged by the indictment was the fraudulent acquisition of the sum of five dollars, from one Calvin Johnson. (See Article 723 of the Penal Code.)    The appellant was convicted, and his punishment was assessed at two years in the penitentiary.

In substance, the testimony for the prosecution was that Calvin Johnson, presumably a colored youth of nineteen years of age, abandoning his home, sold his horse in the town of Troupe. After he had effected the sale, the defendant approached him, represented himself as the marshal of Troupe, and charged him with a violation of law in selling the animal without license. Under this charge he threatened to arrest Johnson, jail him in Troupe for the night, and convey him to the county jail in Tyler on the morrow, unless the said Johnson would agree to pay him the sum of five dollars in settlement.    Johnson promptly paid the amount.    He then went to a neighboring store and got his "budget," when the defendant again approached him, and told him that he had figured on the matter, and discovered that it would require another dollar to settle it, which Johnson paid. The defendant then told him to strike out down the railroad towards Jacksonville, and if any one asked him about Troupe, to say that he knew nothing about it.

The defendant was a colored man, and, after going some dis-

tance, it occurred to Johnson to ask if the marshal of Troupe was a colored man. He was informed that the marshal was not a colored man. He related his experience with the defendant, and the defendant's arrest followed. When the defendant was arrested, he returned four dollars to Johnson, and said that he did not want the money, and that he was only trying to see how big a fool he could make of Johnson. It was in proof that the defendant was not and had never been marshal of the town of Troupe.

Upon the same facts, the defendant had been previously indicted for robbery and convicted, but the conviction was set aside by this court upon the ground that the evidence did not support a conviction for robbery by assault and putting in fear of life and bodily injury. (12 Texas Ct. App., 240.) To the indictment in this proceeding, the appellant interposed a plea of that former conviction. It was in evidence that, after the reversal of that conviction, the indictment for robbery was dismissed. It was also in proof that the defendant had been previously tried and acquitted under an indictment for the robbery of Johnson by assault, etc., of one dollar referred to in the evidence. To this prosecution the appellant also pleaded that acquittal. No evidence having been introduced to sustain these pleas, the court refused to give an instruction to the jury respecting them, which action is held correct by this court.

The appellant's motion for a new trial raised the questions involved in the rulings of this court, and assailed the verdict of the jury as contrary to both the law and the evidence.

*C. G. White,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WILLSON, J. Article 723 of the Penal Code, upon which the indictment in this case is founded, reads as follows:

"If any person, by threatening to do some illegal act injurious to the character, person or property of another, shall fraudulently induce the person so threatened to deliver to him any property, with the intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary not less than two nor more than five years."

To constitute the offense described in the above article, it must appear:

1. That the accused threatened to do some illegal act injurious to the character, person or property of another, and the indictment should aver the threats, and the illegal act threatened, with reasonable certainty.

2. That, by means of such threat, the accused fraudulently induced the person threatened to deliver to him certain property, which property should be described in the indictment, as in an indictment for theft, except no value need be alleged.

3. That the accused so obtained the property with the intent to appropriate the same to his own use.

In the case before us, while the indictment is unnecessarily prolix, and not such as we could commend as a model indictment under this statute, still we think it sufficiently alleges all the elements of the offense, and that the court did not err in overruling the exceptions to it, and in overruling the motion in arrest of judgment, based upon the supposed defects in the indictment.

We think the court erred in overruling the exceptions of the State to the special pleas of former acquittal and former conviction, filed by the defendant. The pleas wholly failed to set out or allege the proceedings which resulted in such former acquittal and former conviction. A plea of this nature should consist of two matters: 1. Matter of record, to-wit, the former indictment and acquittal, or conviction. 2. Matters of fact, to-wit, the identity of the person acquitted or convicted, and of the offense of which he was acquitted or convicted. (2 Whart. Pr. and Pl., 1150, *et seq.; Quitzow* v. *The State,* 1 Texas Ct. App., 47; *Pritchford* v. *The State,* 2 Texas Ct. App., 69.)

But, the court having sustained the pleas, and the evidence having entirely failed to support them, we do not think the court erred in refusing to submit to the jury instructions in regard to the plea of former acquittal. It plainly appeared from the evidence that the indictment upon which the defendant had been previously tried and acquitted charged an offense different from the offense charged in this indictment. The former indictment would not have been supported by the same evidence as would support the present one (*Boggess* v. *The State,* 43 Texas, 347); nor could the defendant have been legally convicted upon said indictment under the ruling of this court in a similar case wherein this defendant was appellant. (*Williams* v. *The State,* 12 Texas Ct. App., 240.)

It is objected by defendant's counsel that there is a variance

between the name of the party alleged to have been injured, as stated in the indictment and the proof. Calvin Johnson is the name of the alleged injured party as stated in the indictment. It appears from the evidence that his real name was Alexander Stewart, but that on the day he was deprived of his money by defendant, he had ran away from his father, and to avoid being discovered, had assumed the name of Calvin Johnson, and was known in Troupe, the place where he was deprived of his money, by that name. We think there was no variance. "When a person is known by two or more names, it shall be sufficient to state either name" (Code Crim. Proc., Art. 425), and proof of the name stated in the indictment will be sufficient.

Several objections are urged to the charge of the court. We think none of them are well taken. Considering the general charge given by the court in connection with the special charges given at the request of the defendant, we are of the opinion that the jury were fully and correctly instructed as to the whole law applicable to the facts in evidence, and we think the evidence fully established every material allegation in the indictment.

Having discovered no error in the proceedings and judgment in this case, the judgment is affirmed.

*Affirmed.*

Opinion delivered November 22, 1882.