### H. J. SPANNELL v. THE STATE.

#### No. 4660. Decided March 27, 1918.

#### Rehearing denied May 8, 1918.

**1.—Murder—Former Acquittal—Jeopardy—Practice in District Court.**

Where defendant pleaded former jeopardy, and the record on appeal showed that he had been acquitted theretofore for killing his wife in the same transaction in which deceased was killed (defendant having been indicted in two separate indictments, one for killing his wife and the other for killing deceased), and defendant claimed in both trials that he killed deceased in self-defense and had no intention of killing his wife. Held, that whether in shooting at deceased defendant acted with malice or was justified, if in the same act, with no volition to injure his wife, he killed her, there could be but one offense, and the State prosecuting under separate indictments for each of the homicides would be concluded as to both by the judgment rendered in one of them, and it was therefore reversible error not to admit evidence under and to submit the defendant's plea of former acquittal, although the evidence showed that defendant fired more than one shot, there being but one volition and intent. Following Cook v. State, 43 Texas Crim. Rep., 182, and other cases.

**2.—Same—Res Adjudicata—Former Jeopardy—Oral Proof—Question of Fact.**

While the procedure in pleas of former jeopardy and former acquittal is but meagerly discussed in the decisions of this court, where there was a double injury from one assault, yet the decisions would indicate that the procedure fol-

lowed is to determine the identity of the offense by parol evidence and not by the records of the former acquittal, including the charge of the court, etc. Res adjudicata, generally speaking. is applicable to civil cases, and there is but little similarity between the rule which governs the doctrine of res adjudicata in civil and criminal cases, as the court can not as a question of law rule that the two offenses are identical, and this must be left to the jury. Following Ashton v. State, 31 Texas Crim. Rep., 482, and other cases. Davidson, Presiding Judge, non-concurring.

3.—Same — Statutes Construed — Pleas Available — Former Conviction — Former Acquittal—Former Jeopardy.

The statute, article 572, C. C. P., designates as the special pleas available, former conviction, former acquittal, which include former jeopardy, and the plea of res adjudicata, in so far as it is distinct from these, is not to be entertained. It is the judgment of acquittal for the identical act and volition which will operate to sustain the plea of former acquittal, and the evidence or lack of evidence or reasons which impel the court to enter the judgment are not important further than as they bear on the issue of identity. Following Powell v. State, 17 Texas Crim. App., 345, and other cases.

4.—Same—Case Stated—Plea of Former Acquittal—Practice.

Where, upon an appeal from a conviction of murder, the record showed that defendant, his wife and deceased were in an automobile together at night and the deceased and the defendant's wife were killed by the defendant, and the defendant claimed and testified that the deceased assaulted him and that several shots were fired by defendant at deceased with no intent to injure defendant's wife; that defendant was indicted in a separate indictment for each of the homicides, was tried and acquitted for the murder of his wife and filed in the instant case a plea of former acquittal based upon the proposition that the two homicides, resulting from a single act and volition constituted but one offense. Held, that the court's refusal to admit evidence and submit the plea to the jury is reversible error. Following Plummer v. State, 4 Texas · Crim. App., 310, and other cases.

5.—Same—Plea of Former Acquittal—Identity of the Same Offense—More Than One Shot.

Where two persons are killed or injured in one transaction the fact that more than one shot was fired does not, as a matter of law, render it insusceptible of proof that they were both killed by one act, as the issue of singleness of act and intent bringing the double result is not made to depend on the number of shots fired. Following Lankster v. State, 41 Texas Crim. Rep., 603, and other cases.

6.—Same—Rule Stated—True Test—Question of Fact.

The true test in such a case must be that if the intent to kill the one is an intention formed and existing, distinct from and independent of the intention to kill the other, the two acts can not constitute a single offense, and the burden is upon the defendant to prove his plea. Following Fehr v. State, 36 Texas Crim. Rep., 93. And the proof is by parole, and when the accused avails himself of the privilege of testifying he becomes a witness and his credibility is for the jury, and requires the court to submit his theory to the jury. Following McCulloch v. State, 62 Texas Crim. Rep., 126, and other cases.

7.—Same—Carving—Former Jeopardy—Former Acquittal—Rule Stated.

We do not think that the distinction with reference to carving, which is made with reference to the pleas of former jeopardy and former acquittal, as discussed in Wright v. State, 17 Texas Crim. App., 152, justified the refusal of the trial court to submit the issues raised by defendant's plea to the jury, and the rule is that if two alleged offenses are a result of a single act and volition, the plea of former acquittal is available.

**8.—Same—Evidence—Former Acquittal.**

Upon trial of murder, where the defendant interposed a plea of former acquittal and claimed that the deceased assaulted him, and that 'he acted in self-defense and unintentionally killed his wife, etc., there was no error in admitting testimony of the physician who examined the body of said wife immediately after the homicide, and went into details into the description of the wounds, which perhaps would not 'have been permissible except by reason of the issue raised by the plea of former acquittal, on the question as to whether the homicides were the result of separate acts.

**9.—Same—Evidence—Character of Deceased.**

Upon trial of murder which involved the killing of deceased as well as defendant's wife, whom defendant claimed he had killed unintentionally in self-defense against an assault by deceased, and which grew out of former familiarities of deceased with defendant's wife, there was no error in excluding testimony proffered by defendant of certain vile remarks attributed to deceased concerning other women, etc. Following Coffey v. State, 1 Texas Crim. App., 548.

**10.—Same—Evidence—Other Transactions—Res Gestae.**

Upon trial of murder, in which deceased and defendant's wife were killed and defendant was charged separately for each homicide, acquitted of the murder of his wife and was on trial in the instant case for the other homicide, there was no error in admitting testimony of the two homicides as res gestae, especially as defendant had interposed his plea of former jeopardy.

**11.—Same—Evidence—Conclusion of Witness—Circumstantial Evidence.**

Where, upon trial of murder, defendant claimed that the deceased assaulted 'him when defendant asked an explanation of his conduct toward defendant's wife, the court should not have admitted in evidence the conclusion of the wife of the deceased as to certain acts of the wife of defendant in the absence of or knowledge of defendant, but it was the conduct of deceased towards defendant's wife which took place, which was permissible for the State to prove by said witness.

**12.—Same—Rehearing—Res Adjudicata—Former Acquittal—Identity of Offense.**

Where, upon trial of murder, defendant pleaded former acquittal, res adjudicata and former jeopardy, and the record on appeal showed that he had been acquitted for killing his wife in the same transaction in which deceased was killed, and that 'he claimed in his plea that in both trials he showed that he acted in self-defense and had no intention of killing his wife. Held, that the court should have admitted evidence on said plea of former acquittal and should have submitted said plea to the jury, but the court does not think that the evidence heard upon the former trial for the killing of defendant's wife is conclusive either as to the State or the defendant as to the identity of the offense, as defendant assumes the burden of proof to sustain his plea, and the procedure to be followed in making this proof is that laid down in former decisions of this court. Following Cook v. State, 43 Texas Crim. Rep., 182, and other cases. Davidson, Presiding Judge, nonconcurring.

**13.—Same—Rule Stated—Procedure—Former Acquittal.**

The fact that defendant had been indicted and acquitted for the murder of his wife was provable by the indictment and judgment, but the fact that defendant's wife was the same person he killed in the transaction in which deceased lost his life, and that he had no intent to kill her, etc., were facts lying in parol, which when testified to would make a prima facie case, which the State by parol evidence might rebut.

**14.—Same—Evidence—Former Acquittal.**

On the issue arising out of the plea of former acquittal the evidence of the physician who described the wounds upon defendant's wife was admis-

sible, except perhaps, of some minor parts; however, conclusions of the witness were inadmissible.

Appeal from the District Court of Coleman. Tried below before the Hon. J. O. Woodward.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The following statement which we copy from appellant's supplemental brief is substantially correct: "Appellant when arrayed at Coleman charged with the murder of Major Butler, at the proper time, filed and presented a proper plea of former jeopardy, and also of res adjudicata of the main issue in the case, based upon the verdict of acquittal in San Angelo upon the charge of murder of his wife. His contention being that as it all occurred in one continuous transaction and within a few seconds and that there was only one intent, one purpose, and one volition on his part, that there could not be but one offense, and that having been acquitted of the charge of murder of the one he could not legally be put upon trial again for the murder of the other. But that if this insistence be incorrect, then that there were certain material issues necessarily decided in his favor under the indictment and charge of the court at San Angelo, and in support of which he offered all of the record of the trial at San Angelo together with evidence that the testimony in each of the cases was to all practical purposes the same, and contended that upon these issues so decided at San Angelo, he was entitled to an instruction that the verdict of the jury was conclusive evidence in his favor.

"The court, after defendant's testimony showing that there was more than one shot; that the same identical shot did not in all probability kill both of the parties, ruled that said plea was not well taken, and that the defendant had acquired no rights thereunder, or by virtue of his acquittal at San Angelo whatever and declined to allow him to introduce evidence in support of his plea of former jeopardy, or of res adjudicata on the whole, or on any issues in the case which the defendant at the proper time had proffered to do. All of these matters were properly stated by bills of exception and are brought properly before this court."

*Anderson & Upton, L. A. Dale, Critz & Woodward,* and *Williams & Williams,* for appellant.—Where there is only one intent and one volition, it is in contemplation of law but one act and there can be but one offense and appellant can not be convicted upon an act, intent and volition for which he has been previously acquitted, though more than one person was injured or killed: Cook v. State, 43 Texas Crim. Rep., 182; Ashton v. State, 31 Texas Crim. Rep., 429, 21 S. W. Rep., 48; Carson v. State, 4 Colo. App., 463; Clem v. State, 42 id., 420; Rex v. Jennings, 1st Russ. & Ryan, 388; Augustine v. State, 41 Texas Crim. Rep., 59; Herrera v. State, 35 Texas Crim. Rep., 607, 34 S. W. Rep.,

945; Davenport v. State, 38 Ga. Rep., 184; Roberts v. State, 14 Ga. Rep., 8; State v. Beijo, 6 So. Rep., 399; Rucker v. State, 7 Texas Crim. App., 549.

Where an essential element of the offense denounced in the indictment has once been passed upon favorably to the defendant by a jury in a trial between the State and the defendant, this decision is final and conclusive between the parties and will support a plea of former jeopardy as against a trial on some other charge growing out of the same transaction, and said original judgment is conclusive in favor of such person on the subsequent trial: Cooper v. Com., 51 S. W. Rep., 789; Murff v. State, 172 S. W. Rep., 238 (dissenting opinion); Coffey v. United States, 116 U. S., 436; Rex v. Kingston, 20 How. St. Tr., 355; 2 Van Fleet, Former Jeopardy, p. 1242; Freeman on Judgments, sec. 318; Bishop's New Criminal Law, sec. 1051.

*E. B. Hendricks*, Assistant Attorney General, *Wright & Harris, Snodgrass, Dibrell & Snodgrass, J. K. Baker, Walter U. Early*, and *W. Van Sickle*, for the State.—On question of former acquittal: Rucker v. State, 7 Texas Crim. App., 549; Chievarrio v. State, 16 id., 330; Forrest v. State, 13 Lea, 103; Clem v. State, 42 Ind., 420; Teat v. State, 53 Miss., 439.

On question of burden of proof on plea of former acquittal: Wright v. State, 17 Texas Crim. App., 152; Kain v. State, 16 id., 282; Jerue v. State, 57 Texas Crim. Rep., 213, 123 S. W. Rep., 414; Lillie v. State, 79 Texas Crim. Rep., 615, 187 S. W. Rep., 482.

On question of contemporaneous acts: Sprights v. State, 1 Texas Crim. App., 25; Blackle v. State, id., 194; Oliver v. State, 33 Texas Crim. Rep., 541; McGleason v. State, 33 id., 620; Menafee v. State, 50 id., 249; Nelson v. State, 51 id., 349.

On question of character evidence: Coffey v. State, 1 Texas Crim. App., 548; Lee v. State, 13 id., 257; Holsey v. State, 24 id., 12.

MORROW, JUDGE.—Appellant was convicted of the murder of M. C. Butler. Appellant, his wife and deceased were in an automobile together, at night, and Major Butler and Mrs. Spannell were killed. Appellant claimed, and testified, that Major Butler assaulted him, and that several shots were fired by him at Major Butler with no intent to injure Mrs. Spannell. He was indicted in separate indictments for each of the homicides, was tried and acquitted for the murder of his wife, and filed in this case a plea of former acquittal based upon the proposition that the two homicides, resulting from a single act and volition, constituted but one offense. The court's refusal to submit the plea to the jury is made the basis of complaint. If in shooting at Major Butler with malice appellant unintentionally killed his wife, he would be guilty and could be prosecuted for murdering her. Richards v. State, 35 Texas Crim. Rep., 38; McCullough v. State, 62 Texas Crim. Rep., 126, in which the court says: "If appellant shot at Ollie Jamison

with either his express or implied malice, and killed his wife without intending to kill her, his offense would be murder in the second degree."

If in defending his life against an unlawful attack by Major Butler appellant accidentally killed his wife, he was guilty of no offense. Plummer v. State, 4 Texas Crim. App., 310; Clark v. State, 19 Texas Crim. App., 495: Vining v. State, 66 Texas Crim. Rep:, 316, 146 S. W. Rep., 909. From the Plummer case, supra, we quote, as follows:

"We take the law to be that if the jury believed that the defendant found himself in a condition where he would have been justified in taking the life of Smelser in order to save himself from death or the infliction of great bodily harm, and, in so defending himself from such danger, he, by mistake or accident, shot Mrs. Smelser, then he would not only not be guilty of an assault with intent to murder Mrs. Smelser, but he would not be guilty of any offense whatever." See Lankster v. State, 41 Texas Crim. Rep., 603.

If he shot at Butler and in the same act killed Mrs. Spannell unintentionally, his guilt or innocence of each of the homicides would depend on whether in shooting at Butler he acted with malice or in self-defense. Assuming that the shots were fired at Butler only, and killed Mrs. Spannell, appellant having no intent, or volition to injure her, to determine whether he was guilty or innocent on his trial for her murder, it was necessary to decide whether in shooting at Butler he acted in self-defense or with malice   On this state of facts the decision that he was innocent of the murder of Mrs. Spannell necessarily involves the finding that appellant's act in firing at Butler was not such as to constitute murder.

It follows that, whether in shooting at Butler appellant acted with malice, or was justified, if in the same act, with no volition to injure his wife, he killed her, there could be but one offense, and the State, prosecuting under separate indictments for each of the homicides, would be concluded as to both by the judgment rendered in one of them. Cook v. State. 43 Texas Crim. Rep., 182; Rucker v. State, 7 Texas Crim. App., 551; Sadberry v. State, 39 Texas Crim. Rep., 466; Herera v. State, 35 Texas Crim. Rep., 607; Moore v. State, 33 Texas Crim. Rep., 166; Carson v. State, 4 Colo. App., 463, 36 Pac. Rep., 551; Cooper v. Commonwealth, 106 Ky., 909, 51 S. W. Rep., 789; Coffey v. United States, 116 U. S., 436; Scott v. State, 46 Texas Crim. Rep., 305.   In Rucker's case, supra, this court held that the rule inhibiting the indictment for two felonies in the same count did not render invalid an indictment which in a single count charged the accused with the murder of two persons by the same act, citing numerous authorities, among them Clem v. State, 42 Ind., 420, quoting from it as follows: ·

"If it be true, as we suppose it is, that the killing of two or more persons by the same act constitutes but one crime, then it follows that the State can not indict the guilty party for killing one of the persons, and after conviction or acquittal indict him for the killing of the other;

for the State can not divide that which constitutes but one crime, and make the different parts of it the bases of separate prosecutions."

Where two persons are killed or injured in one transaction, the fact that more than one shot was fired does not, as a matter of law, render it insusceptible of proof that they were both killed by one act. A series of shots may constitute one act, in a legal sense, where they are fired with one volition. In cases where two persons have been killed or wounded by a series of shots, and under the general issue of not guilty it is urged as a defense that one of the homicides or injuries resulted from shots aimed at one striking another, the issue of singleness of the act and intent bringing the double result has not been made to depend on the number of shots fired. This is illustrated in Lankster v. State, 41 Texas Crim. Rep., 603, and in Plummer v. State, 4 Texas Crim. App., 310, in each of which two shots were fired, and in the McCullough case, 62 Texas Crim. Rep., 126, several shots were fired. In Cook v. State, 43 Texas Crim. Rep., 182, where the question of the identity of the act and volition resulting in two injuries was raised on plea of former acquittal, the court uses the following language:

"The evidence shows that two shots were fired. According to the evidence of the defense, both of these shots were fired at Goodman. According to the evidence of the State, one of the shots was fired at the deceased, Hargrove. Then it becomes a question of fact, and the court should have admitted the evidence under defendant's plea, and then have charged the jury that if they believed from the evidence, beyond a reasonable doubt, that defendant shot at deceased, and not at Goodman, then they would find against appellant's plea of former acquittal, and proceed to consider whether or not defendant was guilty of any offense under other portions of the charge. . . . Where there is one act, one intent, one volition, as is evidenced by the testimony of appellant in this case, then appellant can not be convicted upon an act, intent, and volition for which he had been previously acquitted."

We do not understand the Ashton case, 31 Texas Crim. Rep., 482, the Augustine case, 41 Texas Crim. Rep., 59, and the Keeton case, 41 Texas Crim. Rep., 627, as varying from this view. In each of them the plea was denied upon the ground that the two homicides were the result of separate acts, but the principle controlling them is thus stated in the Ashton case, supra: "The true test in such case must be, that if the intent to kill the one is an intention formed and existing distinct from and independent of the intention to kill the other, the two acts can not constitute a single offense." Lillie's case, 79 Texas Crim. Rep., 615, is apparently in conflict with the case of Cook v. State, supra, and other cases cited in connection therewith. In the Lillie case, however, the point passed upon was the refusal of a charge submitting the issue of former conviction. While the facts raised the issue, there was not, as in this case, specific testimony of intent of the accused to injure but one of the parties. If the Cook case had been cited it is probable that the court would have held the charge proper. From the fact that it is

not cited either in the brief or the opinion, we draw the inference that it was not the intention of the court to overrule it.

Counsel for the State are correct in stating that the burden was upon appellant to prove his plea. Fehr v. State, 36 Texas Crim. Rep., 96, and Bishop's New Crim. Proc., p. 634, vol. 2 from which we quote, as follows:

"The identity of the parties and of the offense, the defendant taking, as just said, the burden of proof, is shown by parol. It is so even though the two indictments are alike. A common method is to produce the testimony of persons who were present at the previous trial as to what was there investigated; and if it appears to be within the present indictment, a prima facie case is made, to be overcome only by proof from the other side of the diversity of the two offenses. Such witnesses need not be those of the former trial, the calling of whom is not indispensable even though they are within reach of process."

Major Butler and Mrs. Spannell were both killed by pistol shots. Persons reaching them immediately after the shooting found three wounds, apparently fired at close range, in the head of Mrs. Spannell, each of them from a 38-caliber pistol; and in the body of Butler they found two similar wounds and one fired from a 45-caliber pistol. Appellant claimed that while he was driving the automobile, sitting on the front seat, Major Butler and Mrs. Spannell sitting on the back seat, that he was assaulted by Butler; that he got hold of the larger pistol which was in the car, and that in the struggle with Butler it was fired once, when he lost possession of it; that he was thrown out of the car, and fired at Butler several shots from the smaller pistol, having no desire or intent to shoot his wife.

The State claimed that the physical facts were such as to justify the court in deciding the issue raised by the plea against appellant without submitting it to the jury. They direct attention to the fact that there was evidence that appellant got out of the car during the struggle and fired a number of shots thereafter; that some shots were fired before he got or was thrown out of the car; that some of the wounds on Mrs. Spannell bore evidence of powder burns. That the wound inflicted upon Butler with the big pistol would have disabled him so that he could not have continued to fight as appellant claims he did. That there was evidence that Mrs. Spannell spoke to appellant after he was out of the car, from which the State draws the inference that she was killed after Butler was killed by a separate act and separate volition. We think that appellant's testimony, in connection with the circumstances attending the transaction, was such as to require the court to submit his theory to the jury. In Wilson v. State, 70 Texas Crim. Rep., 355, 156 S. W. Rep., 1185, the question of mistake of identity of the person killed was supported by appellant's testimony alone, and a reversal resulted because it was ignored by the court. In McCullough v. State, 62 Texas Crim. Rep., 126, the issue as to whether appellant fired at another in self-defense when he killed his wife, as he claimed,.

unintentionally, was held raised by his testimony. In Koller v. State, 36 Texas Crim. Rep., 496, the opinion states that the State produced strong testimony to show an intent to kill on the part of appellant, who was charged with murder, and concludes with the following statement: "He had a right to testify to his intention. He denies any such intention, hence we can not assume that it was false." When an accused avails himself of the privilege of testifying, given by art. 790, C. C. P., he becomes a witness and his credibility is for the jury. Vernon's C. C. P., p. 709. In Branch's Ann. P. C., section 1884, are listed many cases holding that an accused may testify to his intent and motive. See Berry v. State, 30 Texas Crim. App., 423; Lewallen v. State, 33 Texas Crim. Rep., 412; Kinnard v. State, 35 Texas Crim. Rep., 276; Matthews v. State, 62 S. W. Rep., 366; Murmutt v. State, 67 S. W. Rep., 508; Pratt v. State, 50 Texas Crim. Rep., 227; Money v. State, 97 S. W. Rep., 90. Mr. Wharton in his work on Evidence, volume 1, section 431, lays down the same proposition.

We do not think that the distinction with reference to carving, which is made with reference to the pleas of former jeopardy and former acquittal and discussed in Wright v. State, 17 Texas Crim. App., 158, justified the refusal of the trial court to submit the issues raised by appellant's plea to the jury. In Wright v. State, 37 Texas Crim. Rep., 629, the authorities touching this distinction are reviewed and the rule recognized, as we understand it, that if the two alleged offenses are a result of a single act and volition, the plea of former acquittal is available. The distinction mentioned was not considered by the court to render the plea presented in Cook's case, supra, inoperative. That was a plea of former acquittal on the facts raising the same legal propositions that must control in this case.

If Major Butler killed Mrs. Spannell, or if appellant, with separate acts and volition, killed her, the offenses were not identical. The statute, article 572, C. C. P., designates as the special pleas available, former conviction, former acquittal, which include former jeopardy. Powell v. State, 17 Texas Crim. App., 345. We infer that the plea of res adjudicata, in so far as it is distinct from these, is not to be entertained. This per force of the statute, article 572, supra, which names as one of the two special pleas permitted, "that he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular." It is the judgment of acquittal for the identical act and volition which will operate to sustain his plea, and the evidence, lack of evidence or reasons which impelled the court to enter the judgment are not important further than as they bear on the issue of identity.

The doctor who examined the body of Mrs. Spannell immediately after the homicide went into details in the description of the wounds, which perhaps would not have been permissible except by reason of the issues raised by the plea of former acquittal on the question as to whether the homicides were the result of separate acts. The State was

entitled to have the condition of the bodies and the wounds thereon accurately described. It relied, in part, upon the physical facts to which the doctor's testimony related in part to rebut the appellant's theory and evidence to the effect that the shots that killed Mrs. Spannell were fired at Butler with no intent to injure her.

Appellant's attempt to prove certain vile remarks attributed to Major Butler concerning women was a means of proving character not sanctioned by the law as construed by the decisions of this court. Coffee v. State, 1 Texas Crim. App., 550; Brownlee v. State, 13 Texas Crim. App., 257; Holsey v. State, 24 Texas Crim. App., 35.

The proof of the homicide of Mrs. Spannell was a part of the res gestae and not to be excluded under the rule rejecting proof of other crimes. It was an essential part of the evidence on the plea of jeopardy.

The conclusion of Mrs. Butler that shortly before the homicide Mrs. Spannell went upstairs to wash her hands on account of having handled a letter possibly infected with tuberculosis is not, we think, admissible against appellant in the absence of evidence of his knowledge of this purpose. What took place upstairs on the occasion mentioned was a part of the case, because appellant based his complaint of Major Butler in part upon his misconduct toward Mrs. Spannell upon that occasion, and it was the subject of the conversation which he claims took place in the automobile immediately preceding the homicide, and basis of a statement he claims his wife made to him immediately before he and Mrs. Spannell and Major Butler got into the automobile touching insulting conduct and words of Major Butler, which was the immediate cause of the difficulty which resulted in the homicide. It was, therefore, permissible for the State to prove by Mrs. Butler what, in fact, took place.

The failure of the court to admit evidence and submit to the jury the issues raised by the plea of former acquittal requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE (concurring).—I concur with Judge Morrow in reversing the judgment. He places his decision upon that ground in the plea of former acquittal which pertains to the accused shooting at Butler and killing his wife in so shooting. I concur that if the accused killed his wife lawfully or unlawfully in shooting at Butler, the plea of former acquittal should be sustained. This issue was passed on directly by the jury in the trial of appellant for shooting his wife and decided in his favor under appropriate instructions. The accused can not be tried twice for the same offense, whether the verdict be guilty or not guilty. If the same facts adduced in the trial for killing Butler were introduced and relied upon by the State for the killing of the wife, and a conviction had been obtained under any phase of the testimony, there would have been no doubt of his plea of former conviction. The jury having found in his favor, the State ought to be

barred from further prosecution so far as those phases of the case are concerned, on his plea of acquittal. Mr. Branch thus states the rule with reference to former conviction, and accurately: "If evidence of more than one offense is admitted and a conviction for either could be had under the indictment or information and neither the State nor the court elects, a plea of former conviction is good upon a subsequent prosecution based upon one of said offenses, it being uncertain for which one the conviction was had. Deshazo v. State, 44 S. W. Rep., 453; Piper v. State, 53 Texas Crim. Rep., 550, 110 S. W. Rep., 899; Alexander v. State, 53 Texas Crim. Rep., 553, 110 S. W. Rep., 918; Fears v. State, 77 Texas Crim. Rep., 297, 178 S. W. Rep., 519."

With reference to the plea of former acquittal, found in Mr. Branch's Ann. P. C., p. 321, sec. 632, he states the rule: "If the case about to be tried is not based upon the identical indictment, information or complaint upon which the former acquittal was had, the plea, to be sufficient, must set out the former indictment, information or complaint and show the identity of the party acquitted and the identity of the two offenses alleged, so that the plea will show upon its face that the proof necessary to secure a legal conviction in the instant case would have sustained a legal conviction in the former and that the State is attempting to prosecute again for the same transaction. Boggess v. State, 43 Texas, 347; Williams v. State, 13 Texas Crim. App., 288; Jerue v. State, 57 Texas Crim. Rep., 213, 123 S. W. Rep., 414." He further states, in this connection: "A plea of former acquittal is not good if the evidence necessary to support the second indictment, information or complaint, would not have been sufficient to sustain a legal conviction upon the first." In support of this he cites a great number of authorities. For similar reasoning the plea ought to be good if he killed her intentionally.

There has been a recognized difference between the pleas of former conviction and former acquittal. Some of the authorities hold that this is based upon the doctrine of carving. These are recognized and understood. Generally stated, the doctrine of carving would apply where the acts were different, or where evidence under one trial would not sustain a conviction under the indictment on which the party was tried, but I do not understand the rule to be that the doctrine of carving would apply in cases where the party could have been convicted under the indictment upon which he was first tried. The difference between the doctrine of former conviction and former acquittal was discussed in Simco v. State, 9 Texas Crim. App., 338, and Wright v. State, 17 Texas Crim. App., 158. Those cases lay down the rule that where a party may have taken several animals at one time from different owners, and was charged by separate indictments for these takings, an acquittal for taking one could not be pleaded in bar of a prosecution for taking any of the other cattle. This grows out of the proposition that the two indictments could not be supported by the same facts. The taking may have been the same, but the intents may have been different and the ownership different. But as we understand that rule, it does not im-

pair the other rule, that is, if the accused could have been convicted
under the indictment under which he was acquitted for the taking of
any of the other cattle, the plea of former jeopardy or former acquittal
would be good. This would be true whether we apply the doctrine of
jeopardy, former conviction or acquittal, or the doctrine of res adju-
dicata. So it seems to me not only from the adjudicated cases but from
the Constitution and statutes as well, that where an . accused can be
convicted under an indictment that involves the same facts that would
justify his conviction under a second indictment, that he can not again
be tried whether he be acquitted or convicted on the first trial. That
idea proceeds upon the theory that there was or could have been an
adjudication of all these matters under the first indictment, and the
respective parties are bound by that adjudication and judgment.

Coming to the instant case, two propositions are relied upon to sus-
tain the jeopardy plea: first, that appellant did not shoot his wife in-
tentionally and by an independent act; and, second, that if he shot her
at all he did so in shooting at Butler. The State relied for a convic-
tion, and prosecuted the accused vigorously for killing his wife upon
two propositions: first, that the accused killed his wife intentionally;
and, second, that if he did not, he killed her in an unlawful assault
upon Butler. As before stated, I do not care to discuss the last propo-
sition, and so far as that viewpoint is concerned it is immaterial whether
the killing of Butler was lawful or unlawful. Judge Morrow concurs
in this view. This is the basis of his opinion.

As to the other proposition, the general rule is that where two or more
offenses are committed in the same transaction but were distinct in
point of time and action so as to constitute different acts and intents,
and the proof so shows, a plea of former conviction or acquittal can
neither be sustained. But the other rule is as well and successfully
established as that quoted, that is, that where evidence of more than
one offense growing out of the transaction is admitted, and a conviction
for either could be sustained, or had under the indictment or pleading,
then a plea of former conviction or acquittal can be successfully pleaded.
The State's theory of the two transactions and the right to prosecute
for both, is based upon their proposition and the State's evidence to the
effect that appellant killed his wife and then turned upon Butler and
killed him, or killed Butler and turned upon his wife and killed her.
This under the general rule would make two different intents and pur-
poses, well recognized by the authorities. If the matter stopped here
that phase of the case ought not to be presented to the jury under the
plea of jeopardy, but this case does not stop here. It comes within the
other rule stated, that is, under the indictment for killing his wife he
could have been convicted for killing her either intentionally or by
accident in shooting unlawfully at Butler. The State relied upon both
theories, and the court submitted both issues to the jury. They could
have found him guilty under either proposition under the other indict-
ment, and their verdict would have been sustained, so far as that theory

of the case is concerned, but they acquitted. Under the doctrine of former acquittal, this phase of the plea of jeopardy ought to be held good. Applying the rule laid down in the Simco and Wright cases, supra, it would sustain the above statement of the law. Under the indictment in the Wright case, for instance, if Wright could have been convicted for taking the other cattle not charged in the indictment under which he was tried, then his plea of former acquittal would have been good. Suppose the indictment in the case of killing Mrs. Spannell had contained two counts, and the State had gone to trial upon both, the first charging an intentional killing of his wife, and the second the killing of the wife in an unlawful assault upon Butler, the State would not have been required to elect. It could have sustained the conviction under proper evidence under either count. But suppose in such case the State, or the court for the State, after the trial began, appellant's plea entered, and the jury sworn, and at some subsequent stage of that trial, had dismissed as to one of the counts, or the court finally only submitted one of the counts, it would not be debatable that appellant was in jeopardy on both counts and never could be tried again on the dismissed count whatever the verdict might have been on that submitted to the jury, whether guilty or not guilty; and the same might be said had the indictment for killing Butler, from which this appeal is predicated, so charged. There would be no question of the fact that jeopardy would then apply. Here the only count in the former indictment necessarily embodied the unlawful killing of the wife in the unlawful shooting at Butler, and the verdict passed that out of the case, whether by the trial and acquittal, as effectually as by dismissing one of the counts, had such been in the indictment as before stated. The State relied as strongly, and properly, upon the facts to show the unlawful killing from both standpoints as if there had been two counts in the indictment. It relied as strongly on one theory as on the other, and either would have supported a conviction on the first trial. The facts necessarily grew out of the tragedy in which Butler and Mrs. Spannell lost their lives. They were necessary to a decision of the case on both issues alike at the hands of the jury, because both cases are the same on these issues. The State elected and relied upon both theories in the first case, and can not now be heard to discount what was done in that case. The State can not thus obtain a new trial, for it is interdicted by law. The State has neither the right to ask for a new trial nor take an appeal. If the State could indirectly secure a new trial in this way against the verdict of the jury in the former case, it could with equal propriety, cogency and legality have asked for a new trial against that verdict directly in that case. This circumlocution would not have been necessary, and can not be upheld.

Therefore I concur with Judge Morrow on the phase of the jeopardy he discusses. I am fully persuaded that the other ground is as fully and as legally correct as that discussed. I believe the plea of jeopardy should be sustained on both propositions.

MORROW, JUDGE.—The original opinion was rendered after careful investigation and mature thought. A review of the subject leaves the writer convinced that, so far as he is able to judge, the conclusion reached was right. The subject is one upon which the courts are not in complete harmony. From Van Fleet's Former Adjudication, vol. 2, sec. 622, we quote as follows:

"If several persons are injured in person or property by the same act it is held in Connecticut, Georgia, Illinois, Indiana, Iowa, Missouri, New York, Texas, Vermont and England, that there is but one offense; but the contrary is ruled in Arkansas, California, Kentucky, New York, South Carolina, and Virginia; while in Massachusetts it is decided that the State may elect to prosecute for one or for several offenses." See also McDaniel v. State, 92 Am. St. Rep., 120, and note.

In the decisions of the courts mentioned we find but meager discussion of the procedure to be followed when a plea like that in this case is filed. Appellant's counsel insist that upon such plea the record on the former trial should control, and the practice of res judicata follow. The writer is not able to agree with this contention. Res judicata, generally speaking, is applicable to civil cases. The principles touching it, in a sense, obtain in criminal pleas of former jeopardy. From Van Fleet's work, cited above, section 594, we take the following: "There is but little similarity between the rules which govern the doctrine of res judicata in civil and criminal cases." At section 628 the author indicates that the principles of res judicata might be applied to a criminal case. The procedure, however, in determining the identity of the offenses charged on pleas of this character is not made clear. In McDaniel v. State, 92 Am. St. Rep., 121, and note, are listed numerous cases illustrating the fact that on a plea of this kind parol evidence is heard to show the identity of the offenses, and that is in accord with the rule adduced from the numerous authorities cited by Mr. Bishop in his work on Criminal Procedure, page 634, volume 2, quoted in the original opinion, and in Van Fleet's work, supra, section 661, discussing the subject, the author says: "But when the former record showing those facts is introduced, the court can not, as a question of law, rule the two offenses are identical; that must be left to the jury." See also section 663.

It appears to be the rule followed by this court in the case of Benton v. State, 52 Texas Crim. Rep., 422, and while the procedure is not discussed in several of the cases in this State involving the plea of former jeopardy where there was a double injury from one assault, a reading of the cases indicate that the procedure followed was to determine the identity of the offences by parol evidence. See Keeton v. State, 57 S. W. Rep., 1125; Ashton v. State, 31 Texas Crim. Rep., 482; Sadberry

v. State, 39 Texas Crim. Rep., 466, and other cases cited in the original opinion.

Our Legislature, cognizant of the rules of res judicata referred to, passed the statute mentioned in the original opinion. While the statute as held in Powell v. State, 17 Texas Crim. App., 345, and as indicated in some other instances, both by decisions and statutes, does not in fact include all of the special pleas that may be filed, it does, however, we think, indicate the legislative intent to provide a form of procedure in pleas of this character. We do not think the evidence heard upon the trial of Mrs. Spannell is conclusive either as to the State or the defendant as to the identity of the offenses. If there was but one offense committed, the acquittal in the trial for the murder of Mrs. Spannell would operate as a complete discharge of appellant, although there had been no evidence introduced upon the trial of that case. Under the statute as we construe it, it is the acquittal of the same offense which discharges him. He is now charged with the murder of Major Butler. He claims in his plea that the killing of Major Butler and Mrs. Spannell was but one offense; that by the same act that he killed Major Butler he killed Mrs. Spannell with no intent or volition to injure her, and that he has been tried and acquitted for her murder. He assumes the burden of proof to sustain his plea. The procedure to be followed in making this proof is that laid down by this court in the leading case of Cook v. State, 43 Texas Crim. Rep., 182, which is relied on by appellant, and from which we take the following quotation:

"The evidence shows that two shots were fired. According to the evidence of the defense, both of these shots were fired at Goodman. According to the evidence of the State, one of the shots was fired at the deceased, Hargrove. Then it becomes a question of fact, and the court should have admitted the evidence under defendant's plea, and then have charged the jury that if they believed from the evidence, beyond a reasonable doubt, that defendant shot at deceased, and not at Goodman, then they would find against appellant's plea of former acquittal, and proceed to consider whether or not defendant was guilty of any offense under other portions of the charge."

The fact that appellant had been indicted and acquitted for the murder of Christal Spannell was provable by the indictment and judgment. The fact that Christal Spannell, for whose murder he was tried, was the same person he killed in the transaction in which Butler lost his life, and the alleged fact that she was killed by shots fired at Butler, and that appellant had no intent or volition to kill her, were facts lying in parol which, when testified to, would make a prima facie case which the State by parol evidence might rebut by any evidence, circumstantial or direct, relevant under the rules of evidence to solve the controverted issue of the identity of the offenses.

On the issues arising out of the plea of former acquittal, the evidence of the doctor who described the wounds upon Mrs. Spannell was ad-

missible, except perhaps that part where he makes the comparison to an egg shell might, on specific objection, be regarded as argumentative.

We endeavored to make plain our view with reference to the testimony of Mrs. Butler when we stated in the original opinion the following: "It was, therefore, permissible for the State to prove by Mrs. Butler what in fact took place." Supplementing what is stated in that opinion we will add that the part of Mrs. Butler's testimony mentioned in the bill, which we think should have been excluded, was that part of it in which she stated as her conclusion the purpose for which Mrs. Spannell went upstairs in the hotel.

The motion for rehearing is overruled.

*Overruled.*

. PRENDERGAST, JUDGE.—I concur in the conclusions of Judge Morrow in his opinion.

DAVIDSON, PRESIDING JUDGE.—Adhering to what I stated in my concurring opinion on the original hearing, I wish to say, in connection with the majority opinion overruling the State's motion for rehearing, that upon a careful review of the matters involved and decided I am convinced of the correctness of what I formerly wrote.

Two issues were presented and decided on the trial for killing his wife: First, that appellant killed his wife by an independent act and not in connection with shooting at Butler; second, that he killed her in killing Butler. There were two phases presented by the latter proposition: one by the State, that he illegally killed her in killing Butler, and the other by defendant, that he killed her in killing Butler in self-defense. These issues were presented by the testimony and the charge, and were decided by a verdict favorable to appellant. It is not questioned that the jury had the right to and did pass upon these questions under the indictment charging him with killing his wife. Had the jury believed that he killed his wife independent of shooting at Butler, they certainly would have convicted, and were so instructed by the court. They, therefore, necessarily decided that he did not kill her by an independent act. This ought to eliminate the question of two separate and distinct killings by separate and distinct motives. In regard to the second proposition, the jury decided under appropriate instructions from the court that he killed his wife accidentally in killing Butler in self-defense. Simco v. State, 9 Texas Crim. App., 338, is authority for the proposition that if the accused can be convicted under the indictment of the subject matter to be tried under the second indictment, his former acquittal plea is good. This was followed in Wright v. State, 17 Texas Crim. App., 152, and in Hooper v. State, 30 Texas Crim. App., 412.

It is legally a self-evident proposition that appellant's guilt or innocence in killing his wife depended upon the legality of killing Butler.

Both propositions were fully adjudicated, and necessarily so by the jury on appellant's trial for killing his wife, followed by the adjudication of the court as a result of that verdict. The former jury could not have acquitted without necessarily deciding that he was legally justified in killing Butler. The issues were sharply drawn, squarely met and emphatically decided and adjudicated. The State can not try appellant again for such killing whether it be former acquittal, or former conviction, or res judicata. One trial on the law and the facts precludes a further prosecution by the State. The State can not appeal from such adverse adjudication whether that appeal is sought to be made to the courts or the jury. The decision is a final determination of the case and involved issues. It is res judicata and final. This is well settled in this State. See Anderson v. State, 24 Texas Crim. App., 705; Augustine v. State, 41 Texas Crim. Rep., 59; Murff v. State, 78 Texas Crim. Rep., 5 and 24. Some of the cases are collated in the Murff case in the opinion on rehearing, which is found on page 24. The reasoning in these cases is sound and the conclusions reached are legally correct. The jury determined and the court decided on the trial for killing his wife, first, that he did not kill her by an independent act; that there were not two separate killings. This, therefore, eliminated the question of two distinct killings. Second, that he accidentally killed his wife in legally killing Butler. Necessarily both issues were decided, because they were raised by the facts, submitted in the charge of the court, and decided by the jury, and this was followed by the adjudication in the judgment.

With reference to the question of res judicata, in addition to the cases above cited, see Cooper v. Commonwealth, 51 S. W. Rep., 789; Petit v. State, 57 S. W. Rep., 14; United States v. Butler, 38 Fed. Rep., 498; Coffee v. United States, 116 U. S., 436; Shideler v. State, 16 L. R. A., 225. See, also, Gelson v. Hoyt, 3 Wheat., 246, 4 L. R. A., 381; Rex v. Kingston, 20 Howard St. Tr., 355-538. Judge Van Fleet says, in his treatise on the law of Former Adjudication, page 1242, section 628: "If there is a contest between the State and defendant in a criminal case over an issue I know of no reason why it is not res judicata in another criminal case," citing a number of American decisions in support of the text.

. The State had its day in court on both issues and lost by a legal adjudication on both questions. It would seem to follow, therefore, necessarily that further prosecution can not be had but is barred from any legal viewpoint, whether former acquittal, former conviction or res judicata.

I concur in the reversal but am of the opinion that the majority should have gone further and decided the questions I have above mentioned in their opinion. The plea in bar called for such decision favorable to such plea.