**Otis Lee FAIRLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45836, 45837 and 45838.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied May 1, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The convictions are for assault to murder without malice in Cause No. 45,836;

assault to murder with malice in Cause No. 45,837, and murder without malice in Cause No. 45,838. The punishment as assessed by the jury in each respective cause, three years, eighteen years and five years imprisonment; the sentences to be served concurrently.

The sufficiency of the evidence is not challenged.

■ The appellant asserts that the failure to try each of the cases separately was fundamental error. Since the appellant did not object to trying the cases together he waived his right to a separate trial on each charge. Watson v. State, 488 S.W.2d 816 (Tex.Cr.App.1972) and Jones v. State, 480 S.W.2d 623 (Tex.Cr.App.1972).

The appellant also urges: "The prosecutor committed fundamental error when he advised the jury during punishment arguments that the sentence which the appellant would have to serve was a matter to be determined by the Board of Pardons and Paroles."

The argument of which complaint is made was, "Of course, you know how long he serves any sentence that you give him as the Judge told you in the charge, it's up to the Board of Pardons and Paroles and the Governor of the State of Texas."

■ If this argument can be construed to be error, the error was not preserved. It is untimely raised for the first time on appeal. Further, it appears that the prosecutor's argument was in answer to the prior argument of defense counsel. Defense counsel had improperly argued in urging the jury to grant probation, "Should he break his probation and violate one of the terms and fail to live up to the trust that you people would give him, he does not go down to the penitentiary for a lesser term . . . if he violates that probation and goes back to prison he

serves the full ten years without any chance of parole."

This complaint has no merit.

■ The remaining ground is that the appellant's convictions are not "consistent with the protection advanced by the Fifth Amendment to the Constitution of the United States applicable to Texas through the Fourteenth Amendment prohibiting inconsistent verdicts upon an ultimate issue of fact insofar as the jury's verdicts in appellant's three jointly tried cases found him having acted both with and without malice." The appellant relies upon Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and Spannell v. State, 83 Tex.Cr.R. 418, 203 S.W. 357 (Tex.Cr.App.1918), and his argument is based upon the record as he sees it. The record, however, contains evidence that authorized the jury to believe a different set of facts. The appellant's argument fails for that reason. A resume of the evidence is necessary for further understanding.

The nineteen year old appellant went to the home of his twenty-five year old girlfriend, Evelyn Perry, having a prior understanding that they were "going out" that evening. He found that she had changed her mind and intended to play cards with someone else. He left; obtained a revolver and returned to Mrs. Perry's apartment which she shared with Ruby Brinkley. Leroy Ross, who was an uncle of Evelyn Perry's, was there visiting Ruby Brinkley. The appellant argues that the facts then show the appellant, as he came through the front door of the apartment, walked up to Mrs. Perry and, from a distance of four or five feet, shot her first in the eye, then in the left arm and the middle of her stomach, with a single shot striking Leroy Ross and fatally wounding him. Three empty cartridge cases were found on the floor. The appellant insists that the evidence shows only three shots. It is his theory that one of the shots which struck Mrs. Perry also struck Ross and consequently the intent and nature of the

appellant's act would be the same in the shooting of both parties.[1]

The other evidence which the jury was authorized to believe is based upon the appellant's own testimony. He testified that he shot Mrs. Perry only two times and that he fired four shots. After he had shot Mrs. Perry he testified that he saw Ross move and he (the appellant) *turned* and fired at Ross. His testimony would show there were two separate acts and would let the jury decide the intent and the nature of the appellant's acts in each instance. The evidence would have sustained a jury finding that the killing of Ross was murder which malice. The appellant's complaint of a jury verdict which is more favorable than might have been given under the facts is without merit.

The judgments are affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in the result.

---

1. After firing the shots the appellant went to the kitchen, obtained a knife, came back into the room and attacked Mrs. Brinkley, inflicting superficial wounds. He then returned to the kitchen, obtained a larger knife, came back and again attacked Mrs. Brinkley, inflicting other wounds.