Joseph N. SELF, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00200–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 12, 1984.

David Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., C.N. Rothe, Bruce Baxter, Edward F. Shaughnessy, III, Asst. Criminal District Attys., San Antonio, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a conviction of murder. The sole ground of error alleges the inadmissibility of a written confession due to an illegal warrantless arrest of appellant.

At 12:55 p.m. on Saturday, August 7, 1982, a detective of the San Antonio Police Department obtained a written statement from one James Williams in which he admitted involvement in a homicide and robbery occurring August 6, 1982, at a grocery store in San Antonio. Williams, at this time, implicated a man he knew only as Joseph and another man by the name of Roland. Williams related, in detail, his involvement in the incident and the roles played by Joseph and Roland. Williams also gave the police a description and directed them to Joseph's residence.[1] Upon receiving this information, two San Antonio police officers, without a warrant, were immediately dispatched to appellant's address on Pontiac Street with instructions to look for an individual by the name of Joseph Self who was wanted in a case under investigation. The officers were also given a physical description of appellant. After approximately one to one and a half hours, the two officers observed a man walking down the street who fit the description of Joseph Self. The individual was stopped and upon ascertaining his name, the officers read him his *Miranda* rights [2] and took him into custody.

Appellant was directly taken to the homicide department of the San Antonio Police Department where he was again read his *Miranda* rights. At 3:15 p.m., August 7, 1982, approximately two hours after his warrantless arrest, appellant gave a written confession of his involvement in the robbery and murder.

A motion was filed to suppress the statement by appellant and the court, in conformity with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), conducted a hearing on the motion. The trial court made findings of fact and conclusions of law which, in summary, are as follows: (1) that Self was arrested without a written warrant by the San Antonio Police Department; (2) the arrest was unlawful as a violation of his right under the Fourth Amendment of the United States; (3) there were no demonstrably exigent circumstances requiring Self's arrest without a warrant at the time he was deprived of his freedom of movant; (4) Self understood and was given his rights under *Miranda* and TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2(a) (Vernon 1979); (5) Self did not request assistance of a lawyer; (6) Self was promised nothing as an inducement to him to give or sign the written statement;

1. By this time Self's surname had been ascertained.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

(7) Self was neither threatened nor forced to give or sign the statement; (8) no warrant for Self's arrest had issued when he was deprived of his freedom of movant; (9) the police conduct was neither purposeful nor flagrant; (10) probable cause existed for Self's arrest when he was arrested; (11) Self's arrest was unlawful in that it was not justified by the provisions of Chapter 14 of the Texas Code of Criminal Procedure; (12) Self intelligently, knowingly, and voluntarily gave the written statement; and (13) Self's statement was admissible.

■ The State contends that appellant waived his ground of error complaining of the arrest since his written motion to suppress alleged violations of the Sixth[3] and Fourteenth[4] Amendments of the Constitution of the United States, and neither his motion nor his trial objections to the admissibility of the motion raised a Texas Constitutional or Texas state law issue relating to the confession of appellant.

At the close of the testimony on the motion to suppress, the trial court requested briefs. After the submission of the briefs and at the argument on the motion to suppress, the statement of facts shows the following statement of Self's attorney:

> ... It is our contention that the statement that was given by Mr. Self to the police officers on or about August 7th of last year, was involuntary as to the Fourth and Fifth Amendments; and also, under the cases of *Brown v. Illinois, Taylor v. Alabama,* and *Dunaway v. New York,* ... that the arrest was illegal because it didn't conform to the requirements of article 14.24 of the Code of Criminal Procedure....

We are of the opinion the laws of this state, as well as the Fourth and Fifth Amendment of the Constitution of the United States, have been invoked and are subject to review by this court.

The trial court is the sole trier of fact at a hearing upon a motion to suppress, and the appellate courts are bound by the trial court's findings which are supported by the record. *Evans v. State,* 622 S.W.2d 866, 870 (Tex.Crim.App.1981); *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *denying cert. to Texas Court of Criminal Appeals,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

■ The trial court held that Williams' confession, which implicated Self in the robbery and murder, was adequate probable cause to arrest Self. We agree; *see Mitchell v. State,* 669 S.W.2d 349, 350 (Tex. App.—Houston [14th Dist.] 1984, no pet.). However, this alone was not authority for the police to arrest Self without a warrant unless there were exigent circumstances or other exceptions for arrest without a warrant under Texas Code of Criminal Procedure Annotated, Title 14, to excuse the officers from obtaining a warrant for Self's arrest. The arresting officers were on stake-out for approximately one and one-half hours near Self's residence before he arrived. Indeed, the testimony of James Herring, the officer in charge of the investigation, was that a magistrate was available that day to issue a warrant, but he did not think about securing one. TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977) provides:

> Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

We conclude that there was evidence to support the trial court's conclusion that the arrest was unlawful. We further conclude that there is ample evidence for the trial court to find the confession was voluntary.

---

**3.** The Constitution of the United States, Amendment Six, "In all criminal prosecutions, the accused shall ... have the assistance of counsel for his defence [sic]."

**4.** The United States Constitution, Amendment Fourteen, "Section 1 ... Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny any person within his jurisdiction equal protection of the laws."

▪ We must next determine whether the unlawful arrest and Self's confession given during an illegal detention was sufficiently attenuated to permit the use of the confession. The factors to be considered in determining whether the confession has been obtained by exploitation of illegal arrests are:

(1) whether *Miranda* warnings were given;

(2) the temporal proximity of the arrest and the confession;

(3) the presence of intervening circumstances; and

(4) the purpose and flagrancy of the official misconduct.

*Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Green v. State,* 615 S.W.2d 700 (Tex.Crim.App.1980), *denying cert. to Texas Court of Criminal Appeals,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

▪ From the time appellant was handcuffed and arrested on Pontiac Street until the time of his written confession, approximately two hours lapsed. The only intervening event that occurred between the arrest and the confession was the giving of the *Miranda* warning three times to appellant, and this is not, by itself, sufficient to purge the taint of the illegal arrest. *Taylor v. Alabama,* 457 U.S. 687, 690, 102 S.Ct. 2664, 73 L.Ed.2d 314, 319 (1982).

▪ Our Texas Court of Criminal Appeals as recently as April, 1984, stated in *Sweeten v. State,* 667 S.W.2d 779 (Tex. Crim.App.1984):

A confession obtained through custodial interrogation after an illegal arrest should be excluded unless intervening events break the causal connection between the illegal arrest and the confession so that the confession is sufficiently an act of free will to purge the primary taint.

*Id.* at 781. The burden of proof is upon the State to show intervening events have broken the causal connection between the illegal arrest and the confession. *Sweeten v. State, supra.*

In *Sweeten,* the defendant was in custody over twenty-four hours before the police garnered enough facts for the necessary probable cause for his arrest. He was then taken before a magistrate, advised of his rights, and arraigned on two charges. Within two hours, his voluntary confession followed. The existence of probable cause did not negate the illegality of defendant's prior detention of twenty-four hours. The court held the State failed to prove any intervening events that may have broken the connection between appellant's illegal arrest and confession. In *Green,* the officers obtained a warrant for the defendant's arrest from a magistrate. The confession of defendant was taken within two hours after his arrest. The warrant was found faulty due to the insufficiency of the supporting affidavit authorizing the warrant. The court found that the lack of intervening events between the arrest and confession prohibited its admissibility. The court also found the illegality of the arrest was purposeful in that the posture of the case against the defendant was obviously in the investigatory stage. *Garrison v. State,* 642 S.W.2d 168 (Tex.Crim.App.1982) is similar to *Green* in that the defendant's arrest was based upon an illegal arrest warrant, its illegality due to the insufficiency of the supporting affidavit. In reply to the State's argument that there was no causal connection between the defendant's arrest and his confession, the court held that although appellant was given his *Miranda* warning at the time of his arrest, detained for twelve hours, and then given his *Miranda* warning again by a magistrate at the time of the signing of his confession, that these warnings, by themselves, could not serve to attenuate the taint of illegal arrest. There was no evidence of any other intervening circumstances and the court held it error to admit the confession.

In regard to the temporal proximity and the lack of intervening circumstances of the arrest and the confession, our case is more blatant than those aforementioned.

This case is distinguishable from the aforementioned, however, in that the officers had probable cause to arrest Self.

In *Welcome v. State*, 635 S.W.2d 828 (Tex.App.1982), the police, after twelve hours of investigation in a murder case which implicated the defendant as the culprit, arrested the defendant as he entered his residence. The arrest was without a warrant. The police requested that they be permitted to search the premises which permission was granted. As a consequence of the search additional evidence was elicited linking the defendant to the homicide. He was taken to the police station, given his *Miranda* warning and booked. The arrest was held illegal in that, like this case, there were no exigent circumstances and adequate time to pursue a warrant under TEX.CODE CRIM.PROC. ANN. art. 14.03 and 14.04 (Vernon 1977). A confession given under this arrest was held admissible in that the court found that there was probable cause to arrest the defendant.

In *Coleman v. State*, 643 S.W.2d 947 (Tex.Crim.App.1982), the defendant was arrested on a warrant which was subsequently found unlawful due to a faulty affidavit. He was given his *Miranda* warning and within three and one-half hours after his arrest, defendant commenced to narrate a confession which was found voluntary. The only intervening circumstances were searches for the body of the victim and a gun defendant used in the homicide. The court found that there existed probable cause to arrest the appellant, that the officers were not engaged in purposeful and flagrant official misconduct, and that the voluntary statement was properly admitted in evidence.

█ It appears to us that when a police officer acts in good faith and is not purposeful or flagrant in his conduct, has probable cause to arrest, makes an arrest which is illegal due to the lack of exigent circumstances, and gives the proper warning, the illegal arrest will not taint an otherwise voluntary confession. This also seems to be the interpretation Judge Clinton places on the majority opinion in *Coleman*. Judge Clinton states:

> While I agree that the existence of probable cause and the procurement in good faith of an arrest warrant are highly probative of 'the purpose and flagrancy of the official misconduct,' the issue does not turn on this consideration alone; ... the majority has placed virtually all emphasis on this factor, along with warnings given appellant, without considering that, under the facts recited in the opinion, there were no 'intervening circumstances' between the arrest and confession, or the 'temporal proximity' of the arrest and the confession was only three and a half hours.

*Coleman, supra*, (Clinton, J., minority opinion) at 952.

█ Lastly, we consider "the purpose and flagrancy of the official misconduct" of the police officers in this case. There is no question that a magistrate was available when Williams gave his confession and implicated Self and that a warrant for Self's arrest should have been obtained from a magistrate. The purposefulness attributed to the officers in *Brown v. Illinois*, was for "investigation or questioning." Like *Brown, Dunaway v. New York* involved an arrest without probable cause made in the hope that the arrest and investigation would turn up evidence. Although the conduct of the officers was improper and should not be condoned, we do not, under the circumstances think it rises to purposeful or flagrant conduct.

The judgment of the trial court is affirmed.