RICHARD YOUNG V. STATE.

No. 26,550. November 11, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) January 13, 1954.

*Reynold M. Gardner,* Amarillo, for appellant.

*Floyd H. Richards,* District Attorney, Dalhart, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for sodomy, the precise charge being that appellant used his mouth on the sexual parts of Wyley Dickens for the purpose of having carnal copulation. The jury assessed the maximum punishment of 15 years in the penitentiary.

At the outset we are confronted with certain ex parte affidavits filed in this court which are to the effect that appellant's retained counsel withdrew on the day of the trial and the trial court refused to appoint counsel for him, though requested to do so.

We are not at liberty to consider these ex parte affidavits. They were not filed in the trial court or brought to the attention of the trial judge.

The judgment recites that appellant appeared, "his counsel also being present," and an attorney appears to have acted for

appellant in the preparation of the appeal, but the statement of facts reveals that appellant acted in his own behalf in cross-examining the state's witnesses.

Appellant did not testify nor offer testimony in defense of the charge against him.

Counsel who presented the case by brief and oral argument in this court was first employed after the appeal had been perfected. In his brief, in addition to his insistence that the ex parte affidavits be considered, he contends that the evidence is insufficient because the state's witnesses were accomplices and their testimony is not corroborated.

Wyley Dickens, the alleged injured party, thirteen years of age at the time of the alleged offense and fifteen at the time of the trial, and Carl Wayne Davis, sixteen at the time of the trial, testified that appellant committed the act charged in the indictment upon young Dickens, in the rear seat of appellant's automobile, and then committed a similar act upon the Davis boy in the front seat.

Appellant contends that both of the boys were accomplice witnesses as a matter of law to the act of sodomy upon Wyley **Dickens.**

We need not consider whether or not Davis voluntarily permitted appellant's act of perversion upon him for the reason that such act, if committed, constituted a separate and distinct offense from that here charged, and there is no testimony that the witness Davis aided in or agreed to the act of sodomy upon Wyley Dickens. His relationship to the offense of sodomy upon Wyley Dickens or to the parties thereto would in nowise render him accountable under the law as a party to such crime. He was not, therefore, an accomplice witness though he may have participated and voluntarily agreed to a similar act of perversion upon his own person after the offense against Wyley Dickens had been committed.

The trial court instructed the jury that unless they believed that Wyley Dickens did not consent to the commission by appellant of sodomy with him, that Wyley Dickens would be an accomplice and his testimony would require corroboration.

It is unnecessary that we determine whether Dickens con-

sented for the reason that, if he was an accomplice, his testimony was fully corroborated by the testimony of the witness Davis. It appears, however, that Dickens' testimony that he permitted appellant to commit the act because he was afraid of him, and that appellant had told him he had killed a little boy in California, might well be considered by the jury as tending to show that Wyley Dickens submitted through fear rather than consented voluntarily to the act of perversion.

The evidence sustains the conviction and no reversible error appears.

In pronouncing sentence, the trial court ordered that this sentence should commence at the time of completion of the sentence in Cause No. 442 on the docket of the trial court.

Cause No. 442 was appealed to this court, being our No. 26,549. (Page 163, this volume), 261 S. W. (2d) 838.

The conviction in said Cause No. 442 having been reversed by this court, the sentence herein is reformed so as to eliminate therefrom the provision for cumulation with Cause No. 442.

As reformed, the judgment is affirmed.