## DENZIL VERN BENJAMIN v. STATE

No. 27,199.   December 8, 1954
Motion for Rehearing Denied January 12, 1955

*Divine & Bennett,* by *C. C. Divine,* Houston for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of the indecent fondling of a minor and was by the jury assessed a penalty of seven years in the state penitentiary.

The testimony shows that two minor boys, both thirteen years of age, were present in the room of the appellant; that he eventually got each one of them to take off his clothing and lie down on the bed in such room; that appellant went into the bath room, possessed himself of some vaseline, came back and placed some of it on the private organs of Jimmy Melvin Turner and then masturbated him. The appellant was arrested by a peace officer and signed a written statement in which he stated that these two boys came to his room on the date in question; that he was fifty-five years of age; that they told him they were

thirteen years old; that they had something to eat after which he showed them some pictures of women whose bodies were nude from the waist up. These two boys got on the bed with their clothes off. He went into the bath room, got a jar of vaseline and put same on the bed, and then got on the bed with these two naked boys. He got on the bed first with Jimmy, placed his hand on Jimmy's private parts and fondled them.

The testimony shows nothing further as to what appellant did to the other boy, Johnnie Greenwood.

Appellant offers the proposition that the boy, Jimmy Melvin Turner, was an accomplice. The jury were so instructed by the court. Appellant contends that there is no testimony except that of the accomplice and that the same is not corroborated herein. We think the statement of the appellant would be a corroboration of the testimony of the accomplice, Jimmy Melvin Turner. The confession of the accused person can be utilized in the establishment of the corpus delicti of the offense. See Kugadt v. State, 38 Texas Cr. R. 681, 44 S.W. 989, and the long line of decisions cited therein.

Appellant also complains of the overruling of his plea of former jeopardy herein, it being shown that appellant was tried for a like offense upon the other boy who was present on the bed at such time and that appellant was convicted therefor and had received a suspended sentence.

It is true that both of these boys were present at such time and on the same bed. Johnnie Greenwood testified to the same facts relative to the act on Turner as did the boy, Jimmy Melvin Turner. It was brought out by the appellant's attorney that the appellant had performed the same act with the Greenwood boy.

It is worthy of note, however, that appellant was not charged herein with any act relative to the Greenwood boy but only with the act with the Turner boy. We think that each act was a separate and distinct offense in so far as these boys are concerned. See Young v. State, 159 Texas Cr. Rep. 302, 263 S.W. (2d) 164. It is noted that in the court's charge there is no mention made of any act with any person other than Jimmie Melvin Turner, and we find no objection to the court's charge relative thereto.

We find in the record an order of the court overruling the appellant's plea of former jeopardy, but no bill of exception relative thereto is present herein.

We are cited to the case of Simco v. State, 9 Texas App. 338, in which it is held:

"To sustain the plea of autrefois convict, it is only necessary that it be made to appear that the transaction or facts constituting the offense be the same."

In the opinion it is further stated:

"The court did not err in the instruction given the jury, because the plea upon its face showed that it was not good, in that it set out a different offense entirely from the case on trial, and its sufficiency might well be decided by the court. If it was wholly insufficient upon its face, there was no reason why it should be submitted to the jury for a finding upon it."

To the same effect as the above is the holding in the case of Wright v. State, 17 Texas App. 152, to which we are also cited.

Appellant also vigorously asserts that the confession was involuntarily made in that he was frightened into making the same. The testimony does not bear out such contention because the appellant himself corrected the confession as it was written and placed his own initials above the correction. Nowhere does he contend that any violence was done to him or that he was mistreated in any way, but he merely claims that his confession was involuntary because he was under arrest at the time it was made. It appears that these matters were passed upon by the court to the satisfaction of the appellant. In any event, the testimony does not show that there was any intimidation of any kind.

Under the facts presented, we think this cause should be affirmed, and it is so ordered.

## ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

We entertain no doubt as to the correctness of our original conclusion that the testimony of an accomplice witness, together with the confession of the accused, is sufficient to establish the corpus delicti of an offense. Kugadt v. State, 38 Texas Cr. Rep. 681, 44 S.W. 989, supra. Appellant's views to the contrary are not tenable.

Appellant again stresses that his plea of former jeopardy was well taken—this, under the theory that the state's testimony showed but one offense and that he had been fully prosecuted therefor.

The rule relied upon by appellant (Spannell v. State, 83 Texas Cr. R. 48, 203 S.W. 357) has application only when there is a single act supported by one volition.

Here, the facts show two separate acts with separate volitions. The rule relied upon by appellant has no application here.

Believing a correct conclusion was reached originally, the motion for rehearing is overruled.