Daniel SOLOMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–077–CR.

Court of Appeals of Texas, Austin.

Jan. 18, 1983.

O.T. Moore, Jr., Lockhart, Rebecca M. Hawener, Lockhart (Court-Appointed), for appellant.

Jeffrey L. Van Horn, Crim. Dist. Atty., Lockhart, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

POWERS, Justice.

The jury, against Daniel Solomon's plea of not guilty, found him guilty of the aggravated sexual abuse of a child, a felony of the first degree, and assessed punishment at thirty-three years imprisonment. Tex. Pen.Code Ann. §§ 21.05, 21.10 (1974 and Supp.1982). The trial court entered judgment accordingly. We will affirm the trial court's judgment.

The following narrative will assist in understanding appellant's contentions on appeal.

Appellant was travelling on a bus from Lockhart, Texas to Harlingen, Texas. He left the bus en route when it stopped in Luling, Texas, however, and walked to a school yard where he saw two twelve-year old boys playing. We will assign to the boys the fictitious names John and Robert. Appellant asked the boys if they knew where he could hunt birds. They directed him to a place and he walked in that direction, only to return after a brief period of time. He asked them directions to another place. On receiving such directions, he walked away from the school yard and then returned to display a knife to the boys and order them into the restroom in the school building.

After using the toilet, appellant gripped John's neck and said "Don't scream or holler because I'll knock the hell out of you." John could barely breathe owing to the force of appellant's grip. Appellant hit John under the eye and told both boys to remove their clothing. He forced John to "suck his penis," during which he urinated in the boy's mouth. Later he "stuck his penis," then his finger, in John's anus, hurting the boy. He then ordered John to dress and forced the boy again to "suck his penis." Appellant then forced Robert to perform the same act upon appellant, after which appellant ordered John to undress again. Appellant then forced Robert to suck John's penis, following which appellant stuck his finger in Robert's anus. Appellant then forced Robert to perform fellatio upon appellant. Shortly thereafter, appellant bound the boys with shoelaces and left, subsequently to be arrested and charged with various criminal offenses arising out of the foregoing acts.

The grand jury returned an indictment in January 1981 charging appellant with aggravated sexual abuse of a child, based upon his forcing John to submit to deviate sexual intercourse in the form of placing "his genitals in contact with the mouth of" Robert. The charge was tried in Cause No. 8516, wherein appellant was adjudged guilty and sentenced to twenty-five years in prison. An appeal has been taken from that judgment.

In January 1981, the grand jury also returned the indictment which forms the basis of the prosecution in the case now under review. The case was assigned Cause No. 8518 in the trial court. The indictment herein charges appellant with aggravated sexual abuse of a child, based upon his forcing Robert to perform fellatio upon appellant. As mentioned above, appellant was adjudged guilty and sentenced to thirty-three years imprisonment. The judgment directs that such term of imprisonment shall begin when the first sentence of twenty-five years "shall have ceased to operate."

Appellant's first ground of error complains that the trial court erred in overruling appellant's plea in bar, wherein appellant raised his first trial and conviction as a bar to the second prosecution. Appellant's theory is that the first and second indictments alleged only different parts of one criminal episode; that the State's previous election to try appellant under the indictment in the first case (Cause No. 8516) "carved" from the single episode one criminal offense; and while the State "may carve as large an offense" as it wishes, that is, "one that involves both boys," which the State did in Cause No. 8516, the State "may only carve once" and may not prosecute

thereafter on another charge arising from the same episode. Concluding his argument under this ground, appellant concedes the recent abolition of the "carving doctrine" by the Texas Court of Criminal Appeals and invokes, perhaps alternatively, the double jeopardy rule of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), wherein the rule is defined as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

We will evaluate appellant's contentions under both theories.

Several statutory provisions bear upon appellant's contentions and we will here set out the pertinent parts of the statutes:

Section 21.01. Definitions

In this chapter:

> (1) "Deviate sexual intercourse" means any contact between any part of the genitals of one person and the mouth or anus of another person.
>
> (2) "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person . . . with intent to arouse or gratify the sexual desire of any person.

\*    \*    \*    \*    \*    \*

Section 21.05. Aggravated   Sexual Abuse

(a) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code or sexual abuse of a child as defined in Section 21.10 of this˙ code and he:

\*    \*    \*    \*    \*    \*

> (2) compels submission to the sexual abuse by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

\*    \*    \*    \*    \*    \*

Section 21.10. Sexual Abuse of a Child

(a) A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years.

\*    \*    \*    \*    \*    \*

1973 Tex.Gen.Laws, ch. 399, § 1, § 21.01, at 915, as amended by 1979 Tex.Gen.Laws, ch. 168, § 1, at 373; Tex.Pen.Code Ann. 21.10 (1974); 1973 Tex.Gen.Laws, ch. 399, § 1, § 21.05, at 917.

We shall first examine appellant's invocation of the rule enunciated in *Blockburger.* The double-jeopardy clause of the Fifth Amendment to the Constitution of the United States does not limit the legislative power to split a single transaction into separate crimes so as to give the prosecution a choice of charges and make possible multiple punishments for what may broadly be viewed as one transaction. *Gore v. United States,* 357 U.S. 386, 392–93, 78 S.Ct. 1280, 1284–85, 2 L.Ed.2d 1405 (1958). *Blockburger* enforces the double-jeopardy clause by means of a "same evidence" test; that is, unless the first indictment were such that the accused might have been convicted by proof of the facts alleged in the second indictment, double jeopardy does not arise: "Where the *same act or transaction* constitutes a violation of *two distinct statutory provisions,* the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an *additional* fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182 (emphasis added). *Blockburger* expressly approves and adopts the test enunciated in *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871), wherein the court stated:

> A conviction or an acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is *not* whether the defendant has already been tried for the same *act,* but whether he has been put in

jeopardy for the same *offense.* (emphasis added)

We hold that under the "same evidence" test of *Blockburger,* appellant was not "twice put in jeopardy" "for the same offense," as proscribed by the Fifth Amendment. It may not logically be said that the evidence necessary to support a conviction under the second indictment, applicable to the case now under review, would have been sufficient to warrant a conviction under the first indictment, even if it be assumed that the two offenses arose from the "same act or transaction," which we do not believe is the case. In the first indictment it was charged that appellant, with an intent to arouse and gratify his sexual desire, compelled one boy to engage in deviate sexual intercourse with the other boy. Such conduct is made a criminal offense by subsection (a)(2) of Tex.Pen.Code Ann. § 21.04. In the second indictment, it was charged that appellant, with an intent to arouse and gratify his sexual desire, compelled one boy to perform upon appellant himself an act of deviate sexual intercourse. Such conduct is made a criminal offense by Tex.Pen.Code Ann. § 21.10. While appellant's mental state was alleged to be the same in both indictments, and forms a requisite element in each of the offenses defined in the two subsections, it is obvious that the *remaining* element of each offense, as alleged in the respective indictments, was inherently and fundamentally different, that is, the "additional fact" spoken of in *Blockburger* was distinctly different in each case. Neither "additional fact," if proved in a trial under the other indictment, would support a conviction thereunder. Appellant's invocation of the rule of *Blockburger* is misplaced.

■ We turn then to the "carving doctrine" invoked by appellant. In *Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App. 1982), the Court abandoned the doctrine, pointing out substantial reasons for doing so. The opinion in that case recites the inconsistent application of the doctrine in rather indistinguishable circumstances raised in previous cases. *Id.* at 824. We do find, in the Court's previous decisions one

consistent theme, however, and that is where there is a separate "victim" of each offense. In such cases, the transactions, though occurring at the same time and place, constitute separate offenses for they present separate issues of law and fact and separate prosecutions are not barred under the carving doctrine. *Benjamin v. State,* 160 Tex.Cr.R. 624, 274 S.W.2d 402, 403 (1954) (indecent fondling of two minor children at approximately the same time); *Hester v. State,* 544 S.W.2d 129, 137 (Tex. Cr.App.1976) (murder of two persons), *Waffer v. State,* 504 S.W.2d 408, 409 (Tex.Cr. App.1974) (assault upon one person and rape of another); *Jones v. State,* 502 S.W.2d 164 (Tex.Cr.App.1973) (robbery by assault on one person and assault with intent to murder another). Appellant's invocation of the "carving doctrine" is similarly misplaced.

We therefore overrule appellant's first ground of error.

Under appellant's second ground of error, he contends the trial court erred in his charge to the jury, wherein he instructed the jury as follows:

> A person commits the offense of Sexual Abuse of a Child, if, with intent to arouse or gratify the sexual desire of any person, he engaged in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years. (emphasis added)

The instruction is patently derived by Tex. Pen.Code Ann. § 21.10, quoted above, wherein the phrase "arouse or gratify" is used. The term is also used in another instruction contained in the charge.

The indictment in the cause now under review averred that appellant acted with an "intent to arouse *and* gratify" his sexual desire, the conjunctive "and" being substituted for the disjunctive "or" found in the statutes mentioned above. Appellant contends that the substitution of the disjunctive "or" had the effective of diminishing the quantum of proof required of the State, in comparison to that required as a result of

**652**

the use of the conjunctive "and" in the indictment. Appellant did not object to the charge as written. See Tex.Code Cr.Ann. arts. 36.14, 36.15, 1975 Tex.Gen.Laws, ch. 253, § 1, art. 36.14, at 617–18; 1979 Tex. Gen.Laws, ch. 525, § 1, art. 36.15, at 1109– 10.

 It is true that one kind of fundamental error may be found in a trial court's instruction to the jury which omits an allegation in the indictment which the State is required to prove, thereby disminishing the State's burden of proof. *Cumbie v. State,* 578 S.W.2d 732, 733 (Tex.Cr.App.1979); *Robinson v. State,* 596 S.W.2d 130, 132 (Tex. Cr.App.1980). As in *Robinson,* one notes that appellant does not complain that the charge omits "an entire essential element of the offense charged"; and where appellant failed, as here, to bring the omission to the attention of the trial judge, it is "appropriate to view the charge as a whole in order to determine whether any of the fundamental evils condemned by [previous holdings of the Texas Court of Criminal Appeals] infected appellant's conviction in the instant case." *Id.* at 132–133. When we do so, we find that appellant's conviction was not so infected, for numerous decisions of the Texas Court of Criminal Appeals have sanctioned the identical practice of alleging conjunctive mental states in the indictment and instructing the jury relative to disjunctive mental states, as permitted by the relevant statute. See, e.g., *Cowan v. State,* 562 S.W.2d 236, 240 (Tex.Cr.App.1978) and cases cited therein. Appellant's second ground of error is accordingly overruled.

 Appellant's third ground of error complains that the "stacking" of sentences in the present case, that is, the trial court's order that the sentence imposed in the present case commence at the expiration of imprisonment in the former case, constitutes cruel and unusual punishment. In appellant's argument under this ground of error he does not pursue directly the matter of cruel and unusual punishment, which we take to be a reference to the Eighth Amendment to the Constitution of the United States. Rather, appellant complains

of being unable to assign with certainty his credit for time served in jail pending trial and appeal, whether to Cause No. 8516 or Cause No. 8518; and complains that the "stacking" of the sentences by the trial judge was "an abuse of discretion" because the "fact [sic] and curcumstances [sic] involved in" the two trials were "identical." We find that the cumulative sentences ordered by the trial judge were neither barbarous nor inhumane, nor were they disproportionate to the offenses charged and proved. *O'Neil v. Vermont,* 144 U.S. 323, 339–340, 12 S.Ct. 693, 699–700, 36 L.Ed. 450 (1892). Moreover, we find they were well within the trial judge's authority and discretion to impose cumulatively. Tex.Code Cr.P.Ann. art. 42.08 (1979); *Smith v. State,* 575 S.W.2d 41 (Tex.Cr.App.1979). Appellant's third ground of error is overruled.