Michael Delmar **MITCHELL**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. A14-82-831CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 2, 1984.

**350**

Audley H. Heath, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted by a jury of burglary with the intent to commit theft. The trial court found the enhancement paragraph true and sentenced Appellant to thirty years. We affirm.

Ground of error one is based on the trial court's failure to suppress Appellant's confession, and ground of error two concerns the sufficiency of the evidence to corroborate the testimony of a co-defendant.

Appellant was arrested on outstanding traffic warrants and was held by the Deer Park Police Department for investigation of a burglary. He was advised of a confession given by a co-defendant which implicated him in the crime, and thereafter he voluntarily gave a written confession to the investigating officer. Appellant complained at the time of his arrest that he had sufficient funds to pay the traffic tickets or to make bond, but the police refused to release him. In his brief, Appellant mistakenly relies on *Hooper v. State*, 533 S.W.2d 762 (Tex.Cr.App.1975), to demonstrate that he was illegally detained for questioning regarding the burglary. *Hooper* involved a "pretext arrest." Here Appellant was legally arrested on outstanding traffic warrants and was lawfully detained and questioned as a burglary suspect. The confession was given freely and voluntarily and is, therefore, admissible evidence of the guilt of Appellant. Further, the confession was sufficient evidence of Appellant's guilt. Corroboration of the testimony of the co-defendant was unnecessary. The voluntary confession of a defendant is sufficient in and of itself to corroborate accomplice witness testimony and to support a conviction. *Benjamin v. State*, 160 Tex.Cr.R. 624, 274 S.W.2d 402 (1954); *Beasley v. State*, 629 S.W.2d 161 (Tex.App.—Dallas 1982, no pet.). Grounds of error one and two are overruled.

Appellant alleges in ground of error three that the trial court erred in admitting, over his objections, State's Exhibit 4, a "pen packet" of his prior convictions. Appellant's trial objections were: (1) State's Exhibit 4 contained convictions other than Cause No. 77CF69, the conviction alleged for enhancement; and (2) the judgment and sentencing in Cause No. 77CF69 was not properly authenticated and was therefore inadmissible. When asked by the trial court if he was objecting because the pen packet as a whole was not properly certified, counsel for Appellant replied that he was not making that objection but was objecting only on the ground that the Judgment and Sentence in Cause No. 77CF69 had not been properly authenticated. The trial court sustained objection one and overruled objection two, and stated that it would consider only that portion of the "pen packet" that was pertinent to Cause No. 77CF69.

Judgments and sentences are not "official writings" and the attestation of copies of same, for purposes of enhancement, must be accompanied by a certification that the officer signing same was in fact a legal custodian of such documents. *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App. 1980).

The certificate of Donald Gentsch, attached to the pen packet, is as follows:

THE STATE OF ILLINOIS
THE COUNTY OF RANDOLPH

I, Donald Gentsch, hereby certify that I am the custodian of the records in my position as Record Supervisor of the Menard Correctional Center, a governmental institution in the State of Illinois, situated in the county and state aforesaid. That in my legal custody as such officer are the original files and records of persons heretofore committed to said

institution. That the (X) fingerprints, and (X) commitments attached hereto are copies of the original records of Michael Delmar Mitchell—Menard No. C76291, a person heretofore committed to said institution and who served a term of confinement therein. That I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true, and correct transcript and copy from its said original.

IN WITNESS WHEREOF, I have hereunto set my hand seal this 18th day of March, 1982.

Donald Gentsch ,    Record Supervisor

(Signature)        TITLE

The certification is followed by Judge Carl H. Becker's certificate that Donald Gentsch is the Record Supervisor of the Menard Correctional Center, and the Clerk of Randolph County's certificate that Carl H. Becker is Judge of the Randolph County Circuit Court.

Also attached to said certificate was a copy of a Judgment and Sentence in Cause No. 77–CF–69, styled "The People of the State of Illinois v. Michael Mitchell." That Judgment and Sentence showed the conviction of Michael Mitchell for the offense of burglary in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois. Immediately following the Judgment and Sentence was a certificate from the clerk of said circuit court certifying the Judgment and Sentence to be a true and complete copy of an order entered of record in said circuit court in the case of *The People of the State of Illinois v. Michael Mitchell.*

■ We find this certification to be proper and valid, and ground of error three is overruled.

The judgment is affirmed.