Affirmed and Memorandum Opinion filed July 15, 2008








Affirmed and Memorandum Opinion filed July 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00742-CR

____________

 

DESMOND JEROD GRAYS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 43,523

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Desmond Jerod Grays, was indicted on the felony
offense of aggravated sexual assault of a child.  The jury returned a guilty
verdict, and the trial court sentenced him to five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In two
issues, appellant challenges the legal and factual sufficiency of the evidence
supporting the verdict.  We affirm.








Factual
and Procedural Background

At the guilt-innocence phase of trial, the State offered
the testimony of Crystal Pena, the complainant, and one Rosenberg city police
officer.  The defense did not call any witnesses.

The complainant testified she met appellant in June or July
of 2005, when she was thirteen years of age.  She explained that her birthday
is on July 18, and thatCalthough she was only thirteen at the time
she met appellantCshe told him she was sixteen years of
age.  She testified after she and appellant had met, they exchanged telephone
numbers and talked on the phone on a daily basis.

One night, the complainant called appellant and invited him
to come over to her apartment, where she lived with her parents and three
siblings.  She testified that after appellant arrived, the two of them watched
television in the living room, and then proceeded to her bedroom, where they
had sexual intercourse.  Specifically, she explained that she and appellant Awent to my room. 
We went on my bed.  I took off myCtook off my
shorts, took off my underwear. [Appellant] took off his shorts, his boxers, and
from there, we just startedCstarted having sex, and he put hisCput his [penis]
inside my vagina . . . .@  She further testified that the sex was
consensual, and that she was certain that the incident occurred before her
fourteenth birthday because it happened in late June/early July, and she turned
fourteen in the middle of July.[1]








In December 2005, the complainant informed Officer Colin
Davidson of the Rosenberg Police Department of the sexual assault.  Officer
Davidson testified that, after he obtained permission from her parents, he
asked the complainant to obtain appellant=s admission to the
sexual assault via a recorded telephone conversation.  She agreed, and recorded
appellant=s admission to the offense on a microcassette that was
later admitted into evidence at trial and played for the jury.[2]

Officer Davidson later arrested appellant and interviewed
him regarding the sexual assault.  During the interview, which was recorded on
videotape, appellant admitted to having Asexual intercourse@ with the
complainant.[3] 
The videotape was also admitted into evidence at trial and played for the jury.

Appellant was subsequently indicted on the felony offense
of aggravated sexual assault of a child.  He pleaded not guilty, and requested
a jury trial.  The jury returned a guilty verdict, and the trial court
sentenced appellant to five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  This appeal
followed.








Issues
on Appeal

In two issues, appellant challenges the legal and factual
sufficiency of the evidence supporting the verdict.  Essentially, appellant
argues that the complainant=s testimony, standing alone, should be
insufficient to warrant a conviction in this case.  He asserts that the State
presented no medical evidence of a sexual assault or physical evidence
identifying him as the perpetrator.  And, despite his videotaped confessionCin which he admits
to having sexual intercourse with the complainantCappellant argues
that the State presented nothing more at trial than Arank
uncorroborated testimony of an alleged sexual assault victim,@ and that the
evidence supporting the verdict is therefore legally and factually
insufficient.

Analysis
of Appellant=s Issues

A.      Standards
of Review and Applicable Law

When reviewing challenges to both the legal and factual
sufficiency of the evidence supporting the verdict, we first review the legal
sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.
Crim. App. 1996).  In reviewing the legal sufficiency of the evidence, we look
at the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 319 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App.
2002).  Although we consider all evidence presented at trial, we may not
re-weigh the evidence and substitute our judgment for that of the jury. King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony, and it is the exclusive province of the jury to reconcile
conflicts in the evidence. Mosley v. State, 983 S.W.2d 249, 254 (Tex.
Crim. App. 1998).








In reviewing the factual sufficiency of the evidence, we
view all of the evidence in a neutral light. See Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 134.  We
may set the verdict aside if (1) the evidence is so weak that the verdict is
clearly wrong and manifestly unjust; or (2) the verdict is against the great
weight and preponderance of the evidence. Watson v. State, 204 S.W.3d
404, 414B15 (Tex. Crim.
App. 2006) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000)).  While we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgment for that
of the jury, particularly in matters of credibility. Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); see also Watson, 204 S.W.3d
at 414 (stating that an appellate court should not reverse a verdict it
disagrees with unless it represents a manifest injustice, though supported by
legally sufficient evidence).  Thus, while we are permitted to substitute our
judgment for that of the jury when considering credibility and weight
determinations, we may do so only to a very limited degree. Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

A person commits the offense of aggravated sexual assault
of a child if he intentionally or knowingly causes the penetration of the
sexual organ of a child[4]
by any means, and the child is younger than fourteen years of age. Tex. Penal Code _ 22.021(a)(1)(B)(i)
& (a)(2)(B).  The State does not have to prove that the defendant knew the
victim was younger than fourteen years of age. See Vasquez v. State, 622
S.W.2d 864, 865B66 (Tex. Crim. App. 1981) (holding that
the State does not have to prove that defendant knew victim to be younger than
seventeen years of age, because that would recognize defense of ignorance or
mistake, contrary to legislative intent); see also Jackson v. State, 889
S.W.2d 615, 617 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d (AThe State has long
denied the defense of ignorance or mistake in relation to sexual offenses involving
children.@).








The uncorroborated testimony of a sexual assault victim
under fourteen years of age alone is sufficient to support a conviction for
aggravated sexual assault of a child. See Tex.Code Crim. Proc. art. 38.07(a).[5] 
There is no requirement that physical, medical, or other evidence be proffered
to corroborate the victim=s testimony. See Sandoval v. State,
52 S.W.3d 851, 854 n.1 (Tex. App.CHouston [1st Dist.]
2001, pet. ref=d) (stating that medical evidence and corroborating
testimony were not necessary to support conviction for aggravated sexual
assault of a child); see also Garcia v. State, 563 S.W.2d 925, 928 (Tex.
Crim. App. 1978) (concluding that victim=s testimony alone
is sufficient evidence of penetration in prosecution for aggravated rape,
without medical, physical, or other evidence).  With this in mind, we proceed
to appellant=s specific arguments. 

B.      Application
of Law to the Facts

1.       Legal
Sufficiency

First, appellant complains that the evidence supporting the
verdict is legally insufficient due to a lack of physical evidence and corroborating
testimony.  He asserts that there was no medical evidence of a sexual assault,
there was no physical evidence identifying him as the perpetrator, and that the
complainant=s testimonyCwhich, according
to him, was marked by credibility and reliability issuesCwas nothing more
than Arank
uncorroborated testimony of an alleged sexual assault victim.@  He argues that
this testimony, standing alone, should be insufficient to warrant a conviction
for aggravated sexual assault of a child.  We disagree.








Regardless of what appellant contends should be the
state of the law in Texas, it is beyond contention that the uncorroborated
testimony of a sexual assault victim alone is sufficient to support a
conviction for aggravated sexual assault of a child. See Tex. Code Crim. Proc. art. 38.07(a). 
Thus, the complainant=s testimonyCthat appellant put
his penis inside her vaginaCalone is sufficient to support appellant=s conviction for
aggravated sexual assault of a child, even without physical or medical
evidence. See id.; see also Sandoval, 52 S.W.3d at 854 n.1; Garcia,
563 S.W.2d at 928.

Furthermore, contrary to appellant=s contention, the
complainant=s testimony was corroborated by appellant=s videotaped
confession.  This confession, which was admitted into evidence at trial,
contains appellant=s admission to having sexual intercourse
with the complainant.  Appellant=s videotaped
confession to the offense is sufficient to support his conviction for
aggravated sexual assault of a child. See Herring v. State, 202 S.W.3d
764, 766 (Tex. Crim. App. 2006) (holding that appellant=s admission that
he possessed a knife, coupled with the complainant=s testimony that
appellant threatened to kill him and took his money, was legally sufficient
evidence of Ause@ to sustain conviction for aggravated
robbery); Mitchell v. State, 669 S.W.2d 349, 350 (Tex. App.CHouston [14th
Dist.] 1984, no pet.) (holding that confession was sufficient evidence of appellant=s guilt to sustain
conviction for burglary with intent to commit theft); Burke v. State, 27
S.W.3d 651, 656 (Tex. App.CWaco 2000, pet. ref=d) (holding that
appellant=s confession to sexually assaulting the complainant,
in conjunction with the complainant=s testimony, was
sufficient to sustain conviction for aggravated sexual assault).

Therefore, we hold that the evidence supporting the verdict
is legally sufficient.  We overrule appellant=s first issue.








2.       Factual
Sufficiency

Appellant next contends that the evidence supporting the
verdict is factually insufficient.  He asserts that the complainant=s testimony is
unreliable due to her lack of memory regarding certain facts, inconsistencies
in her story, and a motive to lie about the charges against appellant.[6] 
Appellant argues that, because no physical evidence was introduced at trial to
support the complainant=s allegations, and because there was Anothing presented
to the jury which corroborates [the complainant=s] account that
sexual intercourse occurred,@ the State=s evidence was so
weak and contrary to the overwhelming weight of the evidence to be factually
insufficient.  Again, we disagree.

As the State correctly notes, appellant had the opportunity
to expose any credibility issues at trial, as well as any motives for the
complainant=s testimony.  The jury was free to evaluate her
testimony and believe some, all, or none of it. See Williams v. State,
226 S.W.3d 611, 615 (Tex. App.CHouston [1st Dist.] 2007, no pet.) (citing
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)).  We are
mindful that we must exercise appropriate deference to the jury=s credibility
determinations, to avoid substituting our judgment for that of the jury. See
Drichas, 175 S.W.3d at 799; Watson, 204 S.W.3d at 414; Marshall,
210 S.W.3d at 625.  

Furthermore, as we have already explained, the complainant=s testimony at
trial was corroborated by appellant=s videotaped
confession.  Thus, considering the evidence in a neutral light, we cannot say
that the evidence is so weak that the verdict is clearly wrong and manifestly
unjust. Nor can we say that the verdict is against the great weight and
preponderance of the evidence.  The evidence supporting the verdict is
therefore factually sufficient. See Watson, 204 S.W.3d at 414B15.  We overrule
appellant=s second issue. 








Conclusion

Having addressed and overruled each
of appellant=s issues, we affirm the judgment of
the trial court.

 

 

 

 

/s/      Frank C. Price

Senior Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 15, 2008.

Panel consists of
Chief Justice Hedges, Justice Boyce, and Senior Justice Price.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1]  The complainant further testified that she and
appellant had sexual intercourse a second time in late August/early September,
after her fourteenth birthday.  However, during his videotaped interview with
Officer Davidson, appellant denied having sexual intercourse with the
complainant more than once.





[2]  As transcribed in the record, the following exchange
occurred on the microcassette recording of the complainant=s and appellant=s
telephone conversation:

 

Complainant:      Remember the time that we had sex in
my house?

Appellant:          Yes.

Complainant:      The first time?

Appellant:          Yes.





[3]  As transcribed in the record, the following exchange
occurred on the videotape of appellant=s
interview:

 

Officer Davidson:           Did you have sex with [the
complainant]?

Appellant:                      Yes, sir.

Officer Davidson:           Okay.  That=s why you=re
here.

Appellant:                      Okay.

Officer Davidson:           Yeah.  She=s under 17.

Appellant:                      See, that=s what I didn=t
know.  Yeah, I know, but [she] told me she was 18.  It only happened one time,
and it=sCit=s been a long time.  There=s not been nothing recently.  It=s something a long time ago.  It=s not that (inaudible) recent.

*   *   *

Officer Davidson:           When I say that you had
sex with her, what do I mean by that?  What=s
your take on that?  Sexual intercourse?

Appellant:                      I mean, basicallyCyeah, basically like that, yeah.

Officer Davidson:           Okay.  And how many
times?  You say just one time?

Appellant:                      Yes, sir.





[4]  The Texas Penal Code defines Achild@ as a person younger than seventeen
years of age who is not the spouse of the defendant. Tex. Penal Code _ 22.011(c)(1).





[5]  Section 38.07 of the Code of Criminal Procedure
contains an important caveat:  in order for the victim=s uncorroborated testimony to be sufficient to sustain
a conviction, the victim must have informed any person, other than the
defendant, of the offense within one year after the date on which the offense
is alleged to have occurred. See Tex.
Code Crim. Proc. art. 38.07(a).  However, if at the time of the alleged
offense the victim is fourteen years of age or older and younger than
seventeen, the requirement that the victim inform another person of the offense
does not apply. Id. art. 38.07(b)(1).





[6]  Specifically, appellant asserts that the complainant
lied to prevent getting in trouble with her family if she failed to testify
against appellant regarding extraneous offenses allegedly committed against her
family.





*  Senior Justice Frank C. Price sitting by assignment